**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK OWEN, *Individually and on Behalf of All Others Similarly Situated*,<br><br>       Plaintiffs,<br><br>   v.<br><br>ELASTOS FOUNDATION,<br>FENG HAN, RONG CHEN, FAY LI,<br>and BEN LEE,<br><br>       Defendants. | Case No.  19-cv-5462<br><br><br>**NOTICE OF REMOVAL** |

Defendants Elastos Foundation ("Elastos"), Feng Han and Rong Chen (together, the "Removing Defendants"), by and through their undersigned attorneys, hereby remove the action identified as *Owen v. Elastos Foundation, et al.*, No. 650628/2019 from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

This civil action is removed under 28 U.S.C. §§ 1332, 1441, 1446 and 1453.  For the reasons set forth below, this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453.  Additionally, as required by 28 U.S.C. § 1446(a), all process, pleadings and orders served on the Removing Defendants in the action to date are attached hereto.

As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), the Removing Defendants state as follows:

1

## I. PROCEDURAL BACKGROUND

1.        On January 31, 2019, Plaintiff Mark Owen commenced a civil action by filing a three-page Summons with Notice in the Supreme Court of the State of New York, County of New York.  A true and correct copy of the Summons with Notice is attached as Exhibit A.

2.        Owen filed affidavits on May 21, 2019 and May 30, 2019 in which process servers purported to affirm that service of the Summons with Notice was effectuated on the Removing Defendants.  On May 21, 2019, Owen moved *ex parte* for an order (i) directing alternative service on two additional defendants, Fay Li and Ben Lee, through the undersigned law firm, Orrick, Herrington & Sutcliffe LLP, or, in the alternative, granting a sixty day extension to complete service.  The New York court granted Owen a 120-day extension of time to make service at a hearing on May 23, 2019, but reserved decision on the motion requesting alternative service.  A true and correct copy of the transcript of the May 23, 2019 hearing is attached as Exhibit B.

3.        On May 28, 2019, Owen and newly-named Plaintiff James Wandling (together, "Plaintiffs") filed a Complaint alleging that: (i) the Removing Defendants, Fay Li and Ben Lee violated Sections 5 and 12(a)(1) of the Securities Act of 1933 (the "Securities Act") by actively offering and soliciting purchases of a digital cryptocurrency known as "ELA Tokens," and (ii) defendants Feng Han, Rong Chen, Fay Li and Ben Lee (the "Individual Defendants") violated Section 15 of the Securities Act as "controlling persons" of Elastos.  A true and correct copy of Complaint is attached as Exhibit C.

4.        Plaintiffs style the Complaint as a putative class action, purporting to sue on their own behalf and "all other similarly situated investors."  In particular, Plaintiffs seek to certify a class of "[a]ll persons or entities who purchased or acquired [ELA Tokens] in domestic transactions."  Compl. ¶ 98.  Plaintiffs seek, among other things, "compensatory and rescissory

relief," including "rescission and repayment of all investments in the Elastos ICO and ELA Tokens." *Id.* ¶ 8.

## II.  TIMELINESS OF REMOVAL

5.      The Removing Defendants' time to respond to the Complaint by answer or motion to dismiss has not expired and the Removing Defendants have not served or filed any answers or motions.

6.      The filing of the Removing Defendants' Notice of Removal is timely under 28 U.S.C. § 1446(b) because the Removing Defendants have filed it within 30 days of their receipt of the Complaint by filing in the state court action.

## III.  BASIS FOR REMOVAL

7.      Pursuant to CAFA, a putative class action may be removed to the appropriate federal district court if (1) the action purports to be a "class" action brought on behalf of 100 or more members; (2) any member of a class of plaintiffs is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5 million.  *See* 28 U.S.C. §§ 1332(d)(2), (2)(a), 5(B) and 1453(b).  This action meets each of those three requirements, and no exceptions to CAFA's applicability apply in this case.

### A.      There Are More Than 100 Putative Class Members

8.      According to Plaintiffs, "there are at least thousands of Class members."  Compl. ¶ 100; *see also id.* ¶ 3 ("Thousands of investors participated in the Elastos ICO by purchasing ELA Tokens.").  Thus, without conceding liability, the appropriateness of class treatment, the appropriateness of Plaintiffs' class definition, or the validity of Plaintiffs' claim for relief, there are far more than 100 proposed class members for the purposes of removal under CAFA. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (finding the requirement of at least 100 members in the putative class satisfied when "the complaint plainly states that there are

3

thousands of members."); *Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13-1238 JS, 2014 WL 2945741, at *6 (E.D.N.Y. June 30, 2014) ("the Complaint itself alleges that the proposed class amounts to 'thousands, if not more'" and thus " the class size requirement is met.").

**B.      There Is "Minimal Diversity" Between The Parties As Required By CAFA**

9.      The requisite "minimal diversity" is satisfied under 28 U.S.C. § 1332(d)(2) if: (i) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (ii) "any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State," or (iii) "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state."

10.     In this action, Plaintiff Mark Owen is a resident of the State of New York and Plaintiff James Wandling is a resident of the State of Kentucky. *Id.* ¶¶ 11-12.  Elastos, however, is "registered in Singapore, and has its primary offices in Shanghai and Beijing, China." *Id.* ¶ 14.[1]  Consequently, "minimal diversity" is satisfied on the face of the Complaint under the third prong of Section 1332(d)(2).  Additionally, though the Complaint is silent as to the domicile of the remaining defendants, none of the Individual Defendants is a resident of either New York or Kentucky.

**C.      The Amount In Controversy Exceeds $5 Million**

11.     Without conceding liability, the appropriateness of class treatment, the appropriateness of Plaintiffs' class definition, or the validity of Plaintiffs' claim for relief, as pled by Plaintiffs, it is apparent that the amount in controversy exceeds $5 million.

---

[1] Pursuant to 28 U.S.C. §§ 1332(c) and (d)(10), a corporation or unincorporated association shall be deemed to be a citizen of the forum in which it has its principal place of business and/or in which it is incorporated or organized.

12.     "In determining the amount in controversy, courts first turn to the allegations of the plaintiff's complaint." *Sorrentino v. ASN Roosevelt Ctr., LLC*, 588 F. Supp. 2d 350, 354 (E.D.N.Y. 2008).  In the Complaint, Plaintiffs seek "compensatory and rescissory relief," including the rescission of the alleged sales of ELA Tokens to all putative class members. *See* Compl. ¶ 8, VII.E.  Plaintiffs further claim that "in connection with the Elastos Initial Coin Offering . . . Defendants raised between $94 million and more than $200 million in digital cryptocurrencies." *Id.* ¶ 1.  "CAFA explicitly provides for aggregation of each class member's claims in determining whether the amount of controversy is at least $5,000,000." *Blockbuster, Inc.*, 472 F.3d at 59 (citing 28 U.S.C. § 1332(d)(2)(A)).  Moreover, in an action seeking equitable relief, "the amount in controversy is measured by the value of the object of the litigation." *Sills v. Ronald Reagan Presidential Found., Inc.*, No. 09-1188, 2009 WL 1490852, at *4 (S.D.N.Y. May 27, 2009).  Accordingly, as alleged by Plaintiffs, the aggregate value of the claims of the putative class plainly exceeds $5 million.

## IV.  VENUE

13.     Removal to this judicial district is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the state court action was originally pending in this judicial district—namely, the Supreme Court of the State of New York, County of New York.

## V.  NOTICE OF FILING OF NOTICE OF REMOVAL

14.     Contemporaneously with the filing of this Notice of Removal, the Removing Defendants are filing a true and correct copy of this Notice of Removal and all documents filed in support thereof and concurrently therewith the clerk of the Supreme Court of the State of New York, County of New York under 28 U.S.C. § 1446(d).  The Removing Defendants will also serve all parties with a copy of this Notice of Removal.

*      *      *

WHEREFORE, the Removing Defendants respectfully request that the above-referenced State Court Action be removed be removed from the Supreme Court of the State of New York, County of New York, and that this honorable Court accept jurisdiction of the case.

Respectfully submitted,

Dated:   June 11, 2019                    ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*/s/ Kenneth P. Herzinger*_____
          Kenneth P. Herzinger

405 Howard Street
San Francisco, California 94105
Telephone: (415) 773-5700
kherzinger@orrick.com

William J. Foley
Jorge Pesok
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5124
wfoley@orrick.com
jpesok@orrick.com

*Attorneys for Defendants Elastos*
*Foundation, Rong Chen, Feng Han,*
*Fay Li, and Ben Lee*