```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/26/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARK OWEN, *individually and on behalf of all others similarly situated*,

                                    Plaintiff,

-against-

ELASTOS FOUNDATION, FENG HAN, RONG CHEN, FAY LI, and BEN LEE,

                                    Defendants.
-------------------------------------------------------------------X

1:19-cv-5462-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

### I. INTRODUCTION

On April 27, 2020, Mark Owen and James Wandling filed a motion to serve as lead plaintiffs and for approval of their choice of counsel (the "Motion"). Dkt. No. 46. The Court ordered that any oppositions to the Motion be filed no later than May 12, and that any replies be filed no later than May 19, 2020. Dkt. No. 50. No opposition to the Motion has been filed, and the deadline for any such opposition has passed. As a result, and for the additional reasons stated below, the Motion is GRANTED, Mr. Owen and Mr. Wandling (together, "Owen and Wandling") are appointed as Lead Plaintiffs, and Bleichmar Fonti & Auld LLP ("BFA") is appointed as Lead Counsel.

### II. LEGAL STANDARD

The Private Securities Litigation Reform Act ("PSLRA") requires that a plaintiff who files a putative class action publish, in a widely circulated business-oriented publication or wire service, a notice advising members of the purported class of "the pendency of the action, the claims asserted therein, and the purported class period;" and permits "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff[.]" 15 U.S.C. § 78u-4(a)(3)(A).

The notice published here met the standards set forth in the PSLRA. On February 26, 2020, counsel for Owen and Wandling caused a notice about the pendency of the action to be published in Accesswire. *See* Dkt. No. 45-1. The publication in which the notice was published was satisfactory. *See Baldwin v. Net 1 UEPS Techs., Inc.*, No. 19-CV-11174 (PKC), 2020 WL 1444937, at *2 (S.D.N.Y. Mar. 25, 2020) (granting a motion for appointment as lead plaintiff where "plaintiff filed notice of this action on Accesswire, a national, business-oriented wire service"). No party has challenged the adequacy of the notice. The 60-day period in which any member of the proposed class may apply for lead plaintiff status elapsed on April 27, 2020. The Motion, which was filed on April 27, 2020, was timely. Dkt. No. 46; *see also* 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).

A. Lead Plaintiff

The PSLRA requires the Court to appoint as "lead plaintiff" the member of the class that the Court determines to be "most adequate plaintiff," *i.e.* the member the court determines to be "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court must "adopt a presumption that the most adequate plaintiff" "is the person or group of persons" that:

> (1) "has either filed the complaint or made a [timely] motion" to be appointed as lead plaintiff(s);
>
> (2) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and
>
> (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted "only" by proof that the presumptively adequate plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Even when a motion to appoint lead plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff. *See Springer v. Code Rebel Corp.*, No. 16-CV-3492, 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017) ("Although the . . . motion is unopposed, the Court must still ensure that it is the most adequate plaintiff under the PSLRA."). Owen and Wandling filed the complaint and made a timely motion to be appointed lead plaintiffs. That motion is unopposed. The Court therefore turns to the two remaining elements of the presumption as to Owen and Wandling.

i. *Largest Financial Interest*

In assessing the financial interests of parties competing for lead plaintiff status, a court will generally consider "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered." *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 112 (E.D.N.Y. 2012). The fourth factor, the approximate losses suffered, is the most important. *See Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015); *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008).

Under these criteria, Owen and Wandling have the largest—indeed, the only—demonstrated financial interest. During the class period, Wandling is alleged to have suffered $11,223.37 in losses, while Owen is alleged to have suffered losses of $717.80, totaling $11,941.17. Declaration of Javier Bleichmar in Support of the Motion of Mark Owen and James Wandling for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel ("Bleichmar Decl."), Dkt. No. 48, Ex. B.

    ii.  *Rule 23*

  The next step in identifying which plaintiff is entitled to the presumption is to "ensure that the person (or persons) with the largest financial interest 'otherwise satisfies the requirements of Rule 23.'" *Maliarov v. Eros Int'l PLC*, No. 15-CV-8956, 2016 WL 1367246, at *5 (S.D.N.Y. Apr. 5, 2016) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)). In a PSLRA motion to appoint lead plaintiff, the Court considers only whether the proposed plaintiff has made a "preliminary showing" that two of Rule 23's requirements—typicality and adequacy—are satisfied. *See Ford v. Voxx Int'l Corp.*, 14-CV-4183, 2015 WL 4393798, at *3 (E.D.N.Y. July 16, 2015) (collecting cases); *see also Martingano v. Am. Int'l Grp., Inc.*, 06-CV-1625, 2006 WL 1912724, at *4 (E.D.N.Y. July 11, 2006) (quotations and citations omitted) ("[A]t this stage in the litigation, one need only make a preliminary showing that the Rule's typicality and adequacy requirements have been satisfied.").

  Typicality is satisfied "where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability." *In re Symbol Techs., Inc. Secs. Litig.*, 2006 WL 1120619, at *3 (citing *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001)). There is no dispute that all of the putative class members' claims arise out of the same course of events and that each will make similar legal arguments (under Sections 5 and 12(a)(1) of the Securities Act, which together provide a cause of action against a person who offers or sells an unregistered security, absent certain exemptions). *See* 15. U.S.C. §§77e, 77l. Owen and Wandling both allege that they purchased unregistered securities issued by Defendant. Owen and Wandling's claims would therefore reasonably be expected to be typical of those of all of the other class members.

  The adequacy requirement is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous

4

advocacy." *In re Symbol Techs., Inc. Secs. Litig.*, 2006 WL 1120619, at *3 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *see also In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)).

Nothing before the Court suggests that Owen and Wandling's interests are antagonistic to the interests of the other class members. The Court notes, however, that no information has been presented to the Court regarding any variations in the claims of class members who participated in the initial offering as opposed to those who purchased securities on the secondary market. Nor is there any indication that this case is anything other than a fairly common class action based on allegations that Defendants sold unregistered securities. *See, e.g.*, *Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340 (S.D.N.Y. 2019) (holding that the adequacy requirement was satisfied in a putative class action arising out of the sale of unregistered securities through an initial coin offering, where the putative lead plaintiff "retained well-qualified and experienced counsel, his degree of losses suggests he will have a sufficient interest in advocating on behalf of the putative class members, and there is no reason to believe that his claims would be subject to any unique defenses"). Owen and Wandling's choice of counsel, BFA, is qualified, experienced, and generally able to conduct the litigation, as discussed in further detail below. Finally, as noted above, Owen and Wandling have together suffered losses of $11,941.17 and thus have a sufficient financial interest in the case's outcome to suggest that they will pursue the case with vigor.

B. Lead Counsel

Under the PSLRA, "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Sequans*, 289 F. Supp. 3d at 426. "There is a 'strong presumption in favor of approving a properly selected lead plaintiff's decisions as to counsel selection.'" *Francisco v. Abengoa, S.A.*, 2016 WL 3004664, at *7

5

(S.D.N.Y. May 24, 2016) (quoting *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015)).  Owen and Wandling are represented by Bleichmar Fonti & Auld LLP.

BFA is experienced in securities class action litigation, *see* Bleichmar Decl., Ex. C, and has been appointed by other federal judges to serve as lead counsel in other matters.  *See*, *e.g.*, *Pelletier v. Endo Int'l PLC*, 316 F. Supp. 3d 846, 854, 855 (E.D. Pa. 2018) (appointing BFA as lead counsel and noting that it has "the requisite ability and qualifications to litigate a fraud-on-the-market securities action"); *Galmi v. Teva Pharm. Indus. Ltd.*, 302 F. Supp. 3d 485, 506 (D. Conn. 2017) (appointing BFA as lead counsel and noting that it "has significant experience in the area of securities litigation").  On this record, the Court sees no reason not to adhere to Owen and Wandling's choice:  Bleichmar Fonti & Auld LLP is appointed as Lead Counsel.

### III. CONCLUSION

For the reasons just stated, the Motion is GRANTED.  Owen and Wandling are appointed Lead Plaintiffs and Bleichmar Fonti & Auld LLP is appointed Lead Counsel.

The deadline for Defendants to answer or otherwise respond to the Complaint is June 16, 2020.

The Clerk of Court is directed to close the motion pending at Dkt. No. 46.

SO ORDERED.

Dated: May 26, 2020

                                                       GREGORY H. WOODS
                                                      United States District Judge