UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK OWEN, *Individually and on Behalf of All Others Similarly Situated*,<br><br>                              Plaintiffs,<br><br>        v.<br><br>ELASTOS FOUNDATION, FENG HAN, and RONG CHEN,<br><br>                              Defendants. | Case No. 1:19-cv-05462 |

**DECLARATION OF RONG CHEN
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
<u>PLAINTIFFS' AMENDED COMPLAINT</u>**

I, Rong Chen, hereby declare and state as follows:

1. I have personal knowledge of the facts stated herein, and I could and would testify competently to those facts if called upon to do so.

2. I submit this declaration in support of my motion to dismiss plaintiffs' Amended Complaint.

3. I am the co-founder and Executive Chairman of the Elastos Foundation ("Elastos" or the "Company").

4. Elastos is registered in Singapore, and has offices in Shanghai and Beijing, China. Elastos does not have an office in the United States, and as far as I am aware, Elastos does not have any employees who reside in New York.

5. I understand that the Amended Complaint alleges that Elastos participated in "meetups" and speaking engagements in various U.S. cities in 2017 and 2018. *See* AC ¶¶29, 31-32, 37, 50, 76, 93, 95. These events were informational in nature, and generally involved a discussion regarding the Elastos's operations or technology. These events did not involve in-depth discussion regarding the ELA Token, or any solicitation to purchase the ELA Token.

6. I understand that the Amended Complaint refers to an interview I had with "The NEO News Today Podcast" prior to January 1, 2018, and it claims that I "affirmed that [U.S. citizens] could participate and asserted that Elastos discussed the ICO with U.S. based lawyers." AC ¶41. This is very misleading, given that the Amended Complaint fails to mention that I subsequently amended my response by saying that in "early January we're going to have those links to the documents provided by lawyers, and I'm no expert on those issues either, so whether the U.S. citizens can participate, it's according to the local laws or the lawyers."

7. I understand that the Amended Complaint references an interview I had on the podcast "Crypto 101." AC ¶106. Plaintiffs fail to mention, however, that this interview does not

make any reference to ELA tokens, but instead discuss Elastos's technological pursuits.

8. I understand that the Amended Complaint references a "Welcome to Elastos" YouTube video that was posed on August 24, 2018. AC ¶107. Plaintiffs fail to mention, however, that this video does not make any reference to ELA tokens, but instead it specifically describes "what Elastos is made of" in terms of a four-piece puzzle: (1) Elastos's blockchain, (2) Elastos's operating system, (3) peer-to-peer networking, and (4) Elastos's software development kit.

9. The sale of ELA Tokens by Elastos in January 2018 (1 BTC to 800 ELA Tokens, fixed ratio token swap) did not occur in New York or anywhere else in the United States, nor was it conducted over a New York- or U.S.-based platform. Elastos does not maintain any web servers in the U.S. (the Elastos web server was and is in Singapore), and all of the technology supporting the Foundation's operations and website are based in China.

10. I reside and work near Redmond, Washington. I do not maintain a residence in New York, nor do I frequently travel there. I previously lived in Shanghai, China, from July 2003 to October 2018.

11. I understand that the Complaint alleges that I "conduct[ed] business in [New York City], including the solicitation, sale and offering of ELA Tokens during the Elastos ICO and thereafter," and that I "[am] an individual who either is present in New York City for jurisdictional purposes, or has sufficient minimum contacts with New York City as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice." AC ¶11. These allegations are false. I am not aware of any instance in which I "conducted business in [New York City]" regarding "the sale and offering of ELA

Tokens during the Elastos ICO and thereafter," nor do I have any relevant contacts with the state of New York.

12. I understand that the Amended Complaint also alleges that I "purposefully directed [my] activities toward residents of the United States by offering, soliciting and selling ELA Tokens to U.S. investors." AC ¶10. This allegation is also false. I have not offered, sold or solicited the sale of ELA Tokens to U.S. investors.

13. I have never personally sold ELA Tokens on an exchange or to any individual. Elastos has never sold ELA Tokens on an exchange.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Dated this 16th day of August, 2020 in Redmond, Washington.

*[signature]*
Rong Chen