# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MARK OWEN and JAMES WANDLING, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> -against- <br><br> ELASTOS FOUNDATION, FENG HAN, and RONG CHEN, <br><br> Defendants. | Case No. 1:19-cv-5462-GHW |

---

## DEFENDANTS' JOINT SET OF OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR DOCUMENTS

Defendants Elastos Foundation, Feng Han, and Rong Chen ("Defendants") hereby respond to Plaintiffs Mark Owen and James Wandling's (collectively, "Plaintiffs") First Requests for Documents (the "Requests" and each a "Request") as follows:

## GENERAL OBJECTIONS

Defendants incorporate the following General Objections into each of their responses to these Requests.  Each specific response is limited by these General Objections.

1.      Defendants object to the Definitions in the Request to the extent they are vague, ambiguous, overly broad, unduly burdensome, not susceptible to a reasonable interpretation, and fail to describe the information sought with particularity.  Defendants will make a good faith effort to interpret and respond to Plaintiffs' Requests, but should in no way lead to the prejudice of Defendants in relation to further discovery, research, and analysis.

2.      Defendants object to each Request to the extent each Request calls for production of documents or information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege or protective doctrine.

3.      Defendants object to each Request to the extent that each Request seeks information or documents that are readily available from public sources.

4.      Defendants object to each Request to the extent that each Request seeks information or documents not within the possession, custody or control of Defendants or purports to impose upon Defendants a duty to produce information or documents from individuals or entities that are not under Defendants' possession, custody or control.

5.      Defendants object to each Request and instruction to the extent that each Request or instruction imposes obligations on Defendants that are different from or beyond those required by the Federal Rules of Civil Procedure.

6.      Nothing contained in any response herein shall be deemed to be an admission, concession or waiver by Defendants as to the existence of any "fact" set forth or assumed by any such Request.

7.      Defendants expressly preserve any and all objections based on relevance, materiality, competence, privilege, immunity from disclosure, admissibility or other grounds.

8.      Subject to and without waiving these foregoing General Objections, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of any relevant, non-privileged documents in their possession, custody, or control, and regarding the entry of a mutually agreed-upon protective order and ESI protocol to be entered also by the Court.

## OBJECTIONS TO CERTAIN DEFINITIONS

1.      Defendants object to Plaintiffs' definition of "Chen" as overly broad, vague, and ambiguous.  Defendants will interpret "Chen" to mean Defendant Rong Chen.

2.       Defendants object to Plaintiffs' definition of "ChinaWise" as overly broad, vague and ambiguous.  Defendants will interpret "ChinaWise" to mean the business consulting firm ChinaWise.

3.       Defendants object to Plaintiffs' definition of "Correspondence" to the extent that it calls for production of documents that are not in the possession, custody, or control of Defendants.

4.      Defendants object to Plaintiffs' definition of "Cyber Republic" to the extent it implies that Plaintiffs' definition of this term is necessarily coextensive with Defendants' use of the term Cyber Republic in their Answers, as this would misstate these documents.

5.      Defendants object to Plaintiffs' definition of "Defendant" as overly broad, vague, and ambiguous.  Defendants will interpret "Defendant" to mean the defendants named in Plaintiffs' Amended Complaint filed in this Action on July 29, 2020 (Dkt. #68), and consistent with Defendants' interpretation of the terms describing each of those defendants in these responses and objections.

6.      Defendants object to Plaintiffs' definition of "ELA Tokens" to the extent it implies that Plaintiffs' definition of this term is necessarily coextensive with Defendants' use of the term ELA Tokens in their Answers, as this would misstate these documents.

7.      Defendants object to Plaintiffs' definition of "Elastos" to the extent it implies that Plaintiffs' definition of this term is necessarily coextensive with Defendants' use of the term Elastos in their Answers, as this would misstate these documents.  To the extent that this

definition assumes Defendants' control over the Cyber Republic or Elastos Ecosystem, Defendants further object to Plaintiffs' definition of the term "Elastos" in that it assumes facts not in evidence.  Defendant will interpret "Elastos" to mean Defendant Elastos Foundation.

8.     Defendants object to Plaintiffs' definition of "Elastos Blockchain" to the extent it implies that Plaintiffs' definition of this term is necessarily coextensive with Defendants' use of the term Elastos Blockchain in their Answers, as this would misstate these documents.

9.     Plaintiffs' definition of "Han" appears to mistakenly define "Han" as Defendant Rong Chen.  Assuming Plaintiff intends to define "Han" similarly to how it defines "Chen," Defendants object to Plaintiffs' definition of "Han" as overly broad, vague, and ambiguous. Defendants will interpret "Han" to mean Defendant Feng Han.

10.    Defendants object to Plaintiffs' definition of "ICO" to the extent that it assumes facts not in evidence.

11.    Defendants object to Plaintiffs' definition of "Li" as overly broad, vague, and ambiguous.  Defendants will interpret "Li" to mean Fay Li.

12.    Defendants object to Plaintiffs' definition of "Lock-In Program" to the extent that it assumes facts not in evidence.

13.    Defendants object to Plaintiffs' definition of "Text Messages" to the extent that it calls for production of documents that are not in the possession, custody, or control of Defendants.

14.    Defendants object to Plaintiffs' definitions of "You" and "Your" to the extent they assume Defendants' acceptance of Plaintiffs definitions of "Defendant" and of the terms describing each defendant.  Defendant will interpret "You" and "Your" consistent with their

interpretation of "Defendant" and of the terms describing each defendant as described in these objections and responses.

## OBJECTIONS TO INSTRUCTIONS

1.      Defendants object to Plaintiffs' second instruction to the extent that it imposes obligations on Defendants that are different from or beyond those required by the Federal Rules of Civil Procedure.

2.      Defendants object to Plaintiffs' fourth instruction to the extent that it that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendants further object to Plaintiffs' fourth instruction on the grounds that it imposes obligations on Defendants that are different from or beyond those required by the Federal Rules of Civil Procedure.

3.      Defendants object to Plaintiffs' fifth instruction on the grounds that it imposes obligations on Defendants that are different from or beyond those required by the Federal Rules of Civil Procedure.  Defendants will meet and confer with counsel for Plaintiffs, at a mutually agreeable date and time, regarding the entry of a mutually agreed-upon ESI protocol entered by the Court.

4.      Defendants object to Plaintiffs' sixth instruction on the grounds that it imposes obligations on Defendants that are different from or beyond those required by the Federal Rules of Civil Procedure.  Defendants will meet and confer with counsel for Plaintiffs, at a mutually agreeable date and time, regarding the entry of a mutually agreed-upon ESI protocol entered by the Court.

5.      Defendants object to Plaintiffs' seventh instruction to the extent that it imposes obligations on Defendants that are different from or beyond those required by the Federal Rules of Civil Procedure.

6.      Defendants object to Plaintiffs' eighth instruction on the grounds that it imposes obligations on Defendants that are different from or beyond those required by the Federal Rules of Civil Procedure.

7.      Defendants object to Plaintiffs' ninth instruction on the grounds that it imposes obligations on Defendants that are different from or beyond those required by the Federal Rules of Civil Procedure.  Defendants will meet and confer with counsel for Plaintiffs, at a mutually agreeable date and time, regarding the entry of a mutually agreed-upon ESI protocol entered by the Court.

## OBJECTIONS TO PURPORTED RELEVANT TIME PERIOD

1.      Defendants object to the stated time period as overbroad.  Subject to and without waiver of the foregoing General Objections and objections to Definitions and Instructions, Defendants will produce documents from November 1, 2017 through the date of their production.

## SPECIFIC OBJECTIONS AND RESPONSES

DOCUMENT REQUEST NO. 1:

All Documents and Communications (without any time limitation) concerning Your development and marketing of the Elastos Blockchain.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants object to this Request on the grounds that it is vague and ambiguous as to the phrase "development and marketing."  Defendants further object to this Request on the grounds

that it is overly broad as to time and scope.  Defendants further object to this Request to the

extent that it seeks information protected by the attorney-client privilege and/or attorney work

product doctrine.  Defendants further object to this Request to the extent that it seeks private,

privileged, and confidential commercial, financial, and/or proprietary business information.

Subject to and without in any way waiving the foregoing objections, and to the extent it

understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning

the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged

documents in their possession, custody, or control responsive to this Request.  Any agreement to

confer with Plaintiffs does not constitute an agreement to produce any particular documents, and

any production of documents will be made subject to the entry of a mutually agreed-upon

protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 2:

All Documents and Communications (without any time limitation) concerning Your

development, marketing, and/or sale of ELA Tokens.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendants object to this Request on the grounds that it is vague and ambiguous as to

"marketing."  Defendants further object to this Request on the grounds that it is overly broad as

to time and scope.  Defendants further object to this Request to the extent that it seeks

information protected by the attorney-client privilege and/or attorney work product doctrine.

Defendants further object to this Request to the extent that it seeks private, privileged, and

confidential commercial, financial, and/or proprietary business information.

Subject to and without in any way waiving the foregoing objections, and to the extent it

understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning

the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 3:

All Documents and Communications concerning any interaction with any regulatory authority, including without limitation any self-regulatory organizations, governmental entities, and/or digital asset exchanges, regarding Elastos, the Elastos Blockchain, ELA Tokens, the ICO, the Lock-In Program, and/or the listing of ELA Tokens on a secondary market.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:

Defendants object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 4:

All Documents and Communications concerning whether ELA Tokens pass the "Howey Test," including, without limitation, as referenced in Paragraph 82 of the Complaint and/or as described in the Defendants' Answer (*see, e.g.*, ECF No. 95 p.2 ¶1).

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:

Defendants object to this Request on the grounds that it is overly broad as to time and scope. Defendants further object to this Request on the grounds that that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendants further object to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request. Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 5:

All marketing or promotional materials concerning Elastos and/or ELA Tokens, including, but not limited to, advertisements, social media posts, white papers, prospectuses, and offering materials.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Defendants object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request on the grounds that the information sought is publicly available and therefore equally accessible to Plaintiff.  Defendants further object to this Request on the grounds that it is vague and ambiguous as to the phrase "marketing or promotional materials."

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 6:

All Documents and Communications concerning the English language White Paper published by Elastos as referenced in Paragraph 39 of the Complaint.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:

Defendants object to this Request to the extent that the information sought is publicly available and therefore equally accessible to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to

confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 7:

All Documents and Communications concerning Defendants' publications or statements in connection with Elastos, the Elastos Blockchain, ELA Tokens, the ICO, the Lock-In Program, and/or the listing of the ELA Tokens on a secondary market, including, but not limited to, all Documents and Communications concerning:

    a.     The Elastos "meetup" in Silicon Valley on or about November 28, 2017 (¶29);

    b.     The Blockchain Expo North America in Santa Clarita, California on November 29, 2017 (¶30);

    c.     The "San Francisco launch meetup" held by Elastos on November 30, 2017 (¶31);

    d.     The "meetup" at the offices of Deloitte on or about December 9, 2017 (¶32);

    e.     The responses by Elastos to questions on Steemit.com on December 24, 2017 (¶33);

    f.     The post titled "An Introduction to Elastos" posted by Elastos on Medium.com on or around December 26, 2017 (¶34);

    g.     The November 2017 interview of Rong Chen (¶35);

    h.     The publication regarding "Frequently Asked Questions" on Medium.com on or about December 27, 2017 (¶36);

    i.     The publication on Bitcointalk.org in or around December 27, 2017 (¶37);

j.      The press release published by Elastos titled, "Elastos ICO Offers a Cross-Platform Operating System and Public Blockchain Designed for a Smart Economy" in December 2017 (¶38);

k.     "The NEO News Today Podcast" in which Chen discussed Elastos and has a listed date of January 1, 2018 (¶41);

l.      The "Elastos Founder's Beer Meetup" scheduled for January 21, 2018 (¶50);

m.    The video titled "Elastos (ELA) SmartWeb | Best ICO January 2018" featuring interviews with Defendants Chen and Han (¶54);

n.     The publication concerning "Token Sale—Reminders" on Medium.com on or around January 16, 2018 (¶55);

o.     Han's attendance and speech at CryptoCon 2018 on February 15, 2018 in Chicago, Illinois (¶¶71, 73, 74);

p.     Han's lecture about Blockchain and Elastos at Harvard on March 13, 2018 (¶79);

q.     Han's speech at the Block Invest Summit 2018 in Cambridge, Massachusetts on March 17, 2018 (¶80);

r.      Chen's discussion with Huoxing Financial on March 19, 2018, the transcript of which was posted to Medium.com on April 2, 2018 (¶82);

s.      Han's visit to New York University on or around April 4, 2018 (¶83);

t.      Han's visit to Johns Hopkins University on or around April 7, 2018 (¶84);

u.     Han's visit to George Washington University on or around April 8, 2017 (¶85);

v.     Han's appearance at Harvard's AI and Blockchain Forum on April 15, 2018 (¶86);

w.      The post titled "Elastos Communication Plan by SF Team" posted on Medium.com on or around April 17, 2018 (¶87);

x.      Han's appearance and speech at the 2nd annual fintech conference at Fordham University on or around April 24, 2018 (¶88);

y.      Han's appearance and speech in Boston at the "Future of Blockchain: A Talk with Elastos and Nebulas" on or around April 26, 2018 (¶89);

z.      The 5th Annual "Omaha Summit" from on or around May 4, 2018 through May 6, 2018 (¶90);

aa.      Han's appearance and discussions at MIT on or around May 3, 2018 and May 4, 2018 (¶¶91, 92);

bb.      Elastos' Developer Meeting in San Francisco on May 8, 2018 (¶93);

cc.      Han's appearance and speech at a "meetup" at Fordham University on May 12, 2018 (¶95);

dd.      Meetings or correspondence between Defendants and Congressman Ro Khanna, including on or about May 21, 2018 (¶97);

ee.      Meetings or correspondence between Han and former Federal Reserve Chairman Alan Greenspan, including on or about May 24, 2018 (¶98);

ff.      Meetings or correspondence between and Dr. Paul Sheard, Standard & Poor Executive Vice President, including on or about June 19, 2018 (¶101);

gg.      Chen's appearance and/or interview on the show "Crypto Trader" on or about July 13, 2018 (¶102);

hh.      Chen's appearance and/or interview on the podcast "Crypto 101" (¶106); and

ii.      The "Q&A" posted on Medium.com in or around April 2, 2018 (¶124).

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:

Defendants object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendants further object to this Request to the extent that the information sought is publicly available and therefore equally accessible to Plaintiff.  Defendants further object to this Request on the grounds that it is vague and ambiguous as to the terms "publications" and "statements."  Defendants further object to this Request to the extent that it assumes as true statements and descriptions of events in Plaintiffs' Complaint, which are not in evidence.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 8:

All Documents and Communications concerning Defendants' activities on social media platforms regarding Elastos, the Elastos Blockchain, ELA Tokens, the ICO, the Lock-In Program, and/or the listing of ELA Tokens on a secondary market, including, but not limited to, Reddit, Facebook, Twitter, Telegram, Snapchat, TikTok, YouTube, Instagram, WeChat, and Sina Weibo.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:

Defendants object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request on the grounds that it is unduly burdensome and oppressive.  Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendants further object to this Request to the extent that the information sought is publicly available and therefore equally accessible to Plaintiff.  Defendants further object to this Request to the extent that it calls for production of documents that are not in the possession, custody, or control of Defendants.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 9:

All Documents and Communications concerning the ICO, including, but not limited to, offering materials, communications with actual or potential ELA Token purchasers, financial results, transaction records, internal reporting or analyses, registration lists, purchase lists, and agreements with purchasers.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:

Defendants object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendants further object to this Request to the extent that the information sought is publicly available and therefore equally accessible to Plaintiff.  Defendants further object to this Request to the extent that it calls for production of documents that are not in the possession, custody, or control of Defendants.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 10:

All Documents and Communications concerning the Lock-In Program, including, but not limited to, offering materials, communications with actual or potential ELA Token purchasers, financial results, transaction records, internal reporting or analyses, registration lists, purchase lists, and agreements with purchasers.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:

Defendants object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendants further object

to this Request to the extent that the information sought is publicly available and therefore equally accessible to Plaintiff.  Defendants further object to this Request to the extent that it calls for production of documents that are not in the possession, custody, or control of Defendants.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 11:

All Documents and Communications concerning the actual or potential listing of ELA Tokens on any digital asset exchange, including, but not limited to, KuCoin, Houbi Global, Bittrex Global, CoinEx, StealthEX, SimpleSwap, Tokswap, and Uniswap.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:

Defendants object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendants further object to this Request on the grounds that the information sought is publicly available and therefore equally accessible to Plaintiff.  Defendants further object to this Request to the extent that it calls for production of documents that are not in the possession, custody, or control of Defendants.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning

the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 12:

All Documents and Communications concerning ChinaWise.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:

Defendants object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendants further object to this Request to the extent that it assumes facts not in evidence.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 13:

All Documents and Communications concerning the "Cyber Republic" community, as described in the Defendants' Answer (*see, e.g.,* ECF No. 95 ¶6), including, but not limited to, white papers, promotional materials, membership records, governing documents, policies and procedures, internal reporting and analyses, and/or transaction records.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:

Defendants object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent that the information sought is publicly available and therefore equally accessible to Plaintiff.  Defendants further objects to this Request to the extent that it calls for production of documents that are not in the possession, custody, or control of Defendants.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 14:

All Documents and Communications concerning the "Elastos Ecosystem," as described in the Defendants' Answer (*see, e.g.,* ECF No. 95 ¶6), including, but not limited to, white papers,

promotional materials, membership records, governing documents, policies and procedures,

internal reporting and analyses, and/or transaction records.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:

Defendants object to this Request on the grounds that it is overly broad as to time and

scope.  Defendants further object to this Request on the grounds that it seeks information that is

not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the

discovery of admissible evidence.  Defendants further object to this Request to the extent that the

information sought is publicly available and therefore equally accessible to Plaintiff.  Defendants

further objects to this Request to the extent that it calls for production of documents that are not

in the possession, custody, or control of Defendants.

Subject to and without in any way waiving the foregoing objections, and to the extent it

understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning

the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged

documents in their possession, custody, or control responsive to this Request.  Any agreement to

confer with Plaintiffs does not constitute an agreement to produce any particular documents, and

any production of documents will be made subject to the entry of a mutually agreed-upon

protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 15:

All Text Messages concerning Elastos, the Elastos Blockchain, ELA Tokens, the ICO,

the Lock-In Program, and/or the listing of ELA Tokens on a secondary market.

OBJECTIONS AND REZPONSE TO DOCUMENT REQUEST NO. 15:

Defendants object to this Request on the grounds that it is overly broad as to time and

scope.  Defendants further object to this Request to the extent that it seeks information protected

by the attorney-client privilege and/or attorney work product doctrine.  Defendants further object

to this Request to the extent that it seeks information pertaining to individuals, the disclosure of

which would constitute an unwarranted invasion of the affected individuals' constitutional,

statutory and/or common law rights to personal privacy and confidentiality.

Subject to and without in any way waiving the foregoing objections, and to the extent it

understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning

the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged

documents in their possession, custody, or control responsive to this Request.  Any agreement to

confer with Plaintiffs does not constitute an agreement to produce any particular documents, and

any production of documents will be made subject to the entry of a mutually agreed-upon

protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 16:

All Documents and Communications concerning the actual or potential taxation and/or

tax implications regarding the purchase or sale of ELA Tokens.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:

Defendants object to this Request on the grounds that it is overly broad as to time and

scope.  Defendants further object to this Request on the grounds that it seeks information that is

not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the

discovery of admissible evidence.  Defendants further object to this Request to the extent it seeks

information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it

understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning

the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged

documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 17:

All Documents and Communications, including without limitation the books and records of Elastos, concerning Your actual or forecasted financial results.  These Documents and Communications shall include, but are not limited to, those reflecting Your actual and forecasted revenues, profits, margins, sales, or losses generated by ELA Tokens, the ICO, and the Lock-In Program, respectively.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:

Defendants object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 18:

All Documents and Communications concerning Your Document and ESI retention or destruction policies, including, but not limited to, any actions taken or procedure for storage, transmission, retention, archiving, retrieval, maintenance, and back-up of all ESI.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:

Defendants object to this Request on the grounds that it is overly broad as to time and scope.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 19:

All Documents and Communications concerning any compensation, consideration, or other benefits actually or possibly paid or owed by You to Chen, Han, Li, or any other employees responsible for the sale or marketing of ELA Tokens.  These Documents and Communications shall include, but not be limited to, those concerning any actual or potential compensation related to the ICO or the development, marketing, pricing, sales, revenues, or profits related to ELA Tokens.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:

Defendants object to this Request on the grounds that it is vague and ambiguous as to "possibly." Defendants further object to this Request on the grounds that it is overly broad as to time and scope. Defendants further object to this Request on the grounds that it is unduly burdensome and oppressive. Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request. Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 20:

All Documents and Communications concerning any actual or potential financial interest in Elastos and/or ELA Tokens by Chen, Han, and/or Li, any members of their immediate families, friends, or any entity over which any of them (or any Elastos officer or director) had or

has control or had or has any interest.  These Documents shall include, but not be limited to those sufficient to reflect the extent of any such interest and to show all such purchases, sales, holdings, gains and/or losses.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:

Defendants object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 21:

Documents and Communications, including organizational charts and personnel directories, sufficient to show Your organizational structure, including:

a)      the identity of Your parent companies, subsidiaries, affiliates, and joint ventures;

b)      the organization of any division, department, unit, or subdivision of Your

company that has any role or responsibilities concerning the development,

marketing, pricing, sales, revenues and/or profits related to ELA Tokens;

c)      the identity and reporting relationships of any officers, directors, employees,

committees, subcommittees, or working groups that have any role or

responsibilities concerning the development, marketing, pricing, sales, revenues

and/or profits of ELA Tokens;

d)      the identity and reporting relationships of any officers, directors, employees,

committees, subcommittees, or working groups that have any role or

responsibilities for communications and negotiations with third parties concerning

ELA Tokens;

e)      the identity and reporting relationships of any officers, directors, employees,

committees, subcommittees, or working groups that have any role or

responsibilities for communications and negotiations with any digital asset

exchange;

f)      the identity and reporting relationships of any officers, directors, employees,

committees, subcommittees, or working groups that have any role or

responsibilities for regulatory and/or legal compliance regarding ELA Tokens, the

ICO, the Lock-In Program, and/or the listing of ELA Tokens on a secondary

market;

g)      the identity and reporting relationships of Your information technology or

information services departments or divisions, including their members' names,

Your outsourced information technology services (including with respect to data

storage for Your ELA Token data), and any temporary consultants for information technology services.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:

Defendants object to this request to the extent that it assumes facts not in evidence. Defendants further object to this Request to the extent that it calls for production of documents that are not in the possession, custody, or control of Defendants.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 22:

For each of Your employees with any responsibility for development, marketing, pricing, sales, revenues and/or profits of Elastos and/or ELA Token:

a)      all calendars, appointment books, and appointment notes;

b)      all trip and travel logs;

c)      all time sheets or records;

d)      all expense vouchers or expense reports and supporting documents;

e)      all telephone number logs, directories, contact management systems, notebooks, and Rolodex-type contact files;

f)      all paper or electronic journals or notebooks used to memorialize work activities,
        including but not limited to, meetings and conference calls;

g)      all bills, statements, records, databases, and logs concerning the employee's
        office, home, cellular, or other mobile or landline telephone(s), including logs of
        all calls and text messages sent or received; and

h)      documents sufficient to identify all email addresses, social or industrial/business
        web-based media accounts (*e.g.*, Facebook®, Twitter®, Linkedln® Instagram®,
        Snapchat®, Cluster), cellular phone numbers, office phone, and facsimile
        numbers, or other telephone numbers assigned by You to each such employee or
        used by the employee in connection with his or her employment by You.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:

Defendants object to this Request on the grounds that it is overly broad as to time and
scope.  Defendants further object to this Request on the grounds that it is unduly burdensome and
oppressive.  Defendants further object to this Request on the grounds that it seeks information
that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead
to the discovery of admissible evidence.  Defendants further object to this to the extent that it
seeks information pertaining to individuals, the disclosure of which would constitute an
unwarranted invasion of the affected individuals' constitutional, statutory and/or common law
rights to personal privacy and confidentiality.  Defendants further object to this Request to the
extent that it calls for production of documents that are not in the possession, custody, or control
of Defendants.

Subject to and without in any way waiving the foregoing objections, and to the extent it
understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning

the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged

documents in their possession, custody, or control responsive to this Request.  Any agreement to

confer with Plaintiffs does not constitute an agreement to produce any particular documents, and

any production of documents will be made subject to the entry of a mutually agreed-upon

protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 23:

> All Documents and Communications concerning what, if any, actions You took in

connection with the retention and preservation of Your ESI in connection with this Action.

These Documents and Communications shall include, but not be limited to, those concerning

(i) any litigation hold or preservation notices or (ii) any Documents or ESI that have been lost or

destroyed.

OBJECTIONS TO DOCUMENT REQUEST NO. 23:

> Defendants object to this Request on the grounds that it that it seeks information

protected by the attorney-client privilege and/or attorney work product doctrine.

DOCUMENT REQUEST NO. 24:

> Documents and Communications sufficient to show Your policies and procedures

concerning the use of instant messaging services or applications, social media, and mobile

devices, including phones, PDAs, and tablets by Your personnel, including any "bring your own

device" or "bring your own technology" policies.

OBJECTIONS TO DOCUMENT REQUEST NO. 24:

> Defendants object to this Request on the grounds that it seeks information that is not

relevant to the subject matter of this litigation and is not reasonably calculated to lead to the

discovery of admissible evidence.  Defendants object to this Request on the grounds that it is overly broad as to time and scope.

DOCUMENT REQUEST NO. 25:

All Documents and Communications that You or Your counsel intend to rely upon, seek to introduce into evidence, or otherwise refer to in connection with class certification submissions or proceedings in this Action, or to establish a defense.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:

Defendants object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request on the grounds that it is premature in that it demands identification of evidence prior to the completion of discovery.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 26:

All Documents and Communications concerning the information contained or referred to in any Defendants' Initial Disclosures provided pursuant to Federal Rule of Civil Procedure 26(a)(1).

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 27:

All Documents and Communications concerning any policies of insurance issued to You or to any other Person that may be used to satisfy all or part of any judgment in this Action rendered against You personally, or to indemnify or reimburse any payments made to satisfy any judgment rendered against You personally, including, but not limited to, Documents sufficient to establish whether the carriers of any such insurance policies have agreed to provide coverage.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants note that there are no such insurance policies responsive to this Request.

DOCUMENT REQUEST NO. 28:

To the extent not requested above, all Documents and Communications (without any time limitation) supporting, substantiating, undermining, contradicting, or concerning any of the Affirmative Defenses set forth in Your Answer.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 29:

All Documents obtained by the Defendants from any non-party concerning the subject matter of this Action, including, but not limited to, Documents obtained pursuant to subpoenas, voluntary productions, or any other process or procedure.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:

Defendants object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request on the grounds that it is unduly burdensome and oppressive.  Defendants object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged documents in their possession, custody, or control responsive to this Request.  Any agreement to confer with Plaintiffs does not constitute an agreement to produce any particular documents, and any production of documents will be made subject to the entry of a mutually agreed-upon protective order and ESI protocol entered by the Court.

DOCUMENT REQUEST NO. 30:

To the extent not requested above, all Documents and Communications of which you are aware that are relevant to the claims or defenses in this Action.  This Request seeks all documents without time limitation.

OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendants will meet and confer with counsel for Plaintiffs concerning

the scope of any production, at a mutually agreeable date and time, of relevant, non-privileged

documents in their possession, custody, or control responsive to this Request.  Any agreement to

confer with Plaintiffs does not constitute an agreement to produce any particular documents, and

any production of documents will be made subject to the entry of a mutually agreed-upon

protective order and ESI protocol entered by the Court.


Dated: February 25, 2022                            By:    _/s/ Kenneth P. Herzinger_____
                                                           Kenneth P. Herzinger
                                                           PAUL HASTINGS LLP
                                                           101 California Street
                                                           Forty-Eighth Floor
                                                           San Francisco, California 94111
                                                           Telephone: 1(415) 856-7000
                                                           kennethherzinger@paulhastings.com

                                                           Zachary Zwillinger
                                                           200 Park Avenue
                                                           New York, New York 10166
                                                           Telephone:  1(212) 318-6000
                                                           zacharyzwillinger@paulhastings.com

                                                           *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2022, I served a copy of Defendants' Joint First Set

of Requests for Production of Documents to All Plaintiffs via electronic email upon the

following counsel for plaintiffs:

Javier Bleichmar
Ross Shikowitz
7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com
rshikowitz@bfalaw.com

Warren Raiti
1345 Avenue of the Americas, 33rd Floor
New York, New York 10105
Telephone: (212) 590-2328
wraiti@raitipllc.com

 Dated: February 25, 2022

*/s/ Zachary Zwillinger*

Zachary Zwillinger
Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Telephone:  1(212) 318-6000
zacharyzwillinger@paulhastings.com

*Attorneys for Defendants*