

Javier Bleichmar
Partner
212 789 1341 direct
212 205 3961 fax
jbleichmar@bfalaw.com

October 10, 2022

**<u>VIA ECF</u>**

The Honorable Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *Owen, et al. v. Elastos Foundation, et al.,* Case No. 1:19-cv-5462-GHW

Dear Magistrate Judge Moses:

We write on behalf of Plaintiffs Mark Owen and James Wandling in opposition to the Defendants' October 5, 2022, letter requesting a stay of discovery.  (ECF No. 151.)  Defendants' request is the culmination of a concerted, months-long effort to conceal relevant information and evade their discovery obligations.  Just two months before fact discovery is set to close on December 15, 2022, and just as Plaintiffs intend to begin depositions, Defendants request a stay based on two contrived excuses: a premature motion to deny class certification intended to block the very discovery Defendants admit is "necessary" and a last-minute substitution of counsel. Defendants should not be permitted to engineer grounds upon which to continue obstructing discovery.  Their request should be denied.

As explained in prior filings, the Defendants have sought to obstruct discovery since the very beginning of the process.  Defendants are withholding potentially thousands of documents on the basis of a strained interpretation of China's foreign blocking statute, which is the subject of a pending, fully-briefed motion to compel.  (*See* ECF Nos. 112-115, 128-130, 136-139.)  The Defendants have also withheld thousands of documents on purported privilege grounds that they fail to support as required by the Federal Rules, and have seemingly destroyed large swaths of documents relevant to the litigation. More specifically, from the discovery obtained so far, it appears that once litigation began, in January 2019, Defendants undertook a campaign of widespread document destruction, including purging centrally stored files, which in many cases they kept as Google documents and Dropbox files. (ECF No. 143 at 1-2.)  Both issues have been raised in a joint pre-motion letter that is awaiting Court intervention.

In recent weeks, the Defendants have further sought to block Plaintiffs from taking the depositions of Defendant Feng Han and Defendant Elastos Foundation's Chief Operating Officer and Board Member in the U.S., claiming that their appearances in the U.S. constitute an undue burden.  In so doing, Defendants ignore Judge Woods' ruling that this purported burden does not make it unreasonable for them to defend the lawsuit in the U.S. because Defendant Han absconded

The Honorable Barbara Moses
October 10, 2022
Page 2

from the U.S. after the lawsuit was filed and any burden is of the Defendants' "own making." (*See* ECF No. 87 at 17 ("This is a burden of Han's own making. The Court fails to see, and Defendants fail to establish, that exercising jurisdiction over a defendant after that defendant intentionally departs from the forum is unreasonable.").)  Plaintiffs anticipate that this issue will need to be raised with the Court as well if the parties cannot reach an agreement.

Even the Defendants' anticipated motion to deny class certification is an attempt to short circuit the typical process of obtaining discovery, defining a class, and then briefing an affirmative motion brought by the Plaintiffs.  As noted, multiple discovery disputes concerning significant volumes of documents remain outstanding.  There are also additional outstanding discovery items, such as third-party requests and depositions, not to mention additional discovery not yet propounded (*e.g.*, interrogatories).  All this needed additional discovery will bear on issues relevant to class certification, including, among other things, the geographic location of relevant Elastos personnel at the time the offers and sales of unregistered securities occurred, the geographic location of Elastos "nodes" (the computers that actually complete the ELA Token transactions), and Elastos's efforts to exploit the U.S. securities laws.  In fact, the Defendants have admitted that outstanding discovery is "necessary" to resolve the questions at issue in their forthcoming motion:

- "So it is those very types of documents [transaction logs from the exchanges] that *we believe are necessary*, and that's why we didn't oppose those letter requests." (Transcript of September 19, 2022, Hearing ("Tr."), at 9:7-9.)

- "As to the plaintiffs' specific issues they raised on discovery, for plaintiffs proposed class of secondary market purchasers, *they would need records of transactions*, which may be difficult to obtain and they will vary widely if they even exist, and they would require the application of individualized questions which would prohibit class certification." (Tr., at 6:10-15)

Accordingly, by their own admission, Defendants' premature motion to deny class certification is designed solely to prevent Plaintiffs from marshaling all the "necessary" facts and deploying them against the Defendants.

Now, as Plaintiffs close in on Defendants' wrongdoing, their long-time counsel abruptly resigns, and Defendants have filed a desperate and unprecedented request to stay discovery based on the pretext of a contrived motion to deny certification of a class Plaintiffs have not named. This request to stay is improper because, without citing any authority, it seeks to prevent disclosure of the very discovery that is needed to resolve the class certification issues.  In fact, the Plaintiffs do not yet know what class they intend to define or how that class will be certified under the Federal Rules.  Those questions can only be resolved by Plaintiffs after they have completed discovery and fully developed all the relevant facts.  But with this request, in concert with their contrived motion to deny certification, the Defendants seek to prevent Plaintiffs from ever developing these facts or resolving these important questions.  For that reason, the Defendants are plainly wrong to claim that their request does not prejudice the Plaintiffs.  The request prejudices Plaintiffs because it will continue to block the discovery that Plaintiffs need to resolve the very

The Honorable Barbara Moses
October 10, 2022
Page 3

issues that Defendants now say should be resolved ***before*** the discovery can be completed. Nothing could be more prejudicial.

The Defendants' alternative request for a two month stay so their new counsel can "get up to speed on this complex matter" is equally prejudicial to Plaintiffs and rings hollow.[1]  For one thing, they fail to explain exactly why they need two months; based on the face of their letter, it appears to be completely arbitrary.  They also fail to explain the paradoxical fact that new counsel from an able and well-respected firm needs to delay the case by two months so they can get up to speed on this complex matter but does not need any time to complete the briefing on an equally complex motion to deny class certification concerning relatively novel issues of domesticity in the digital asset securities space. (*See* ECF No. 151, at 2 ("To be clear, we do *not* seek to adjust the scheduling of the Motion [to deny class certification].").)  Put differently, they contend that they are only ready to pursue the defenses that are designed to keep discovery out of the Plaintiffs' hands, but they are totally unprepared and unable to comply with their discovery obligations promptly.  Either they are ready to defend the case or not; they cannot have it both ways.

The timing of the request is also prejudicial. The Defendants have conveniently waited to make this substitution of counsel until just two months before the end of fact discovery and just before depositions are set to begin.  The Plaintiffs first filed this case in early 2019.  They have waited a long time to prosecute their claims and get their day in court.  They should not be prevented from doing so because the Defendants have tactically decided to wait until the "eleventh hour" to make a substitution of counsel.  This "Hail Mary" maneuvering is particularly evident when you consider the following question: if the remaining discovery is not needed and a stay is warranted, why didn't Defendants file their motion to deny class certification and ask for a stay immediately after denial of the motion to dismiss, or at a minimum, months ago, given that Defendants have not produced a single document since May?

For the foregoing reasons, the Court should deny Defendants' request for a stay pending resolution of their motion to deny class certification, and their alternative request for a two month stay for new counsel to "get up to speed."  We are available at the Court's convenience to discuss these matters, the matters raised in the Plaintiffs' September 30, 2022, letter (ECF No. 148), and any other issues Your Honor wishes to address.

Respectfully submitted,

/s/ *Javier Bleichmar*
Javier Bleichmar

---

[1] According to Defendants, Plaintiffs' counsel said "Plaintiffs do not consent to any adjournments."  While Plaintiffs' counsel did use those precise words, Defendants' representation of the discussion is nevertheless inaccurate.  To clarify, counsels' discussions were limited to the Defendants' proposal for a stay pending resolution of the certification motion; there was no discussion concerning Defendants' alternative request for a two month stay for their new counsel to "get up to speed."  In any event, it is correct that by this letter Plaintiffs do not consent to any kind of stay.