USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   10/11/2022



## TRACHTENBERG & ARENA, LLP
ATTORNEYS AT LAW
420 LEXINGTON AVENUE, SUITE 2818
NEW YORK, NEW YORK 10170

STEPHEN J. ARENA
SARENA@TALAW.LAW

TELEPHONE (212) 972-1375
TELECOPIER (212) 972-1376
WWW.TALAW.LAW

October 5, 2022

**VIA ECF:**

The Honorable Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

# MEMO ENDORSED

Re: *Owen, et al. v. Elastos Foundation, et al.*,
Case No. 1:19-cv-5462-GHW (S.D.N.Y.)

Dear Judge Moses,

I am a member of Trachtenberg & Arena, LLP. My partner David Trachtenberg and I appeared on Monday October 3 as counsel to defendants Elastos Foundation, Rong Chen, and Feng Han (the "Defendants") in connection with the above-referenced matter. Defendants are in the process of substituting our firm for the firm of Paul Hastings LLP, which has represented Defendants in this matter until now. Substitution papers are scheduled to be filed on October 12, 2022. Defendants are substituting counsel to reduce costs.

I write to advise the Court of the change of Defendants' counsel, in response to the September 30, 2022 letter from Plaintiffs' counsel Mr. Bleichmar (ECF Dkt. No. 148) and in accordance with Section 1(b) of Your Honor's Individual Practices to request a stay of the current discovery schedule until after a decision has been issued by Judge Woods on Defendants' motion to deny class certification (the "Motion"), or, in the alternative, an adjournment of discovery for 60 days to allow our firm to get up to speed on this complex matter.

On September 20, 2022 Judge Woods granted Defendants' request to file the Motion. *See* ECF Dkt. No. 145. Judge Woods set a deadline of October 11, 2022 for Defendants to file the Motion (opposition to the motion is due 28 days later and reply is due 14 days after the opposition is served). *Id.* Paul Hastings intends to file that motion on October 11.

The crux of the Motion is that Plaintiffs cannot certify their proposed class based on anonymous cryptocurrency transactions that trade in global markets because Plaintiffs' showing will necessitate individualized inquiries as to domesticity for each class member, and therefore

individualized issues will predominate over common ones.  *See In re Petrobras Sec. Litig.*, 862 F.3d 250 (2d Cir. 2017); *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 267 (2010).  *See also* Defendants Pre-Motion Letter (Dkt. No. 142).

To be clear, we do *not* seek to adjust the scheduling of the Motion.  Rather, we seek to stay discovery pending this Court's decision on the Motion because the motion will determine whether this action may proceed on a class basis or, at the very least, because it may have a material impact on the discovery required going forward and on considerations respecting scope and proportionality.

Staying discovery at this critical juncture would not prejudice the Plaintiffs.  On the contrary, staying discovery may allow both sides to avoid costly discovery and discovery disputes that may ultimately prove to be unnecessary or at least significantly narrowed.

A discovery stay could also allow the Court to avoid an unnecessary expenditure of resources.  As noted in Plaintiffs' counsel's letter of September 30, 2022 (ECF Dkt. No. 148), there are several outstanding discovery issues that remain to be adjudicated including, but not limited to, whether this Court will grant Plaintiffs' motion to compel the production of certain documents located in China notwithstanding China's Personal Information Protection Law and the custodian of such documents' lack of consent to such production.  *Id*.  The parties also have certain disagreements respecting where certain witnesses residing in China will be deposed and whether their depositions will be conducted in person or on Zoom.

The September 30, 2022, letter from Mr. Bleichmar suggests that a conference with Your Honor may be advisable.  We will of course make ourselves available if Your Honor wishes to conduct a conference.

We have asked Mr. Bleichmar whether Plaintiffs would consent to a stay of discovery until the Motion has been decided.  He has responded that Plaintiffs do not consent to an adjournment.

Accordingly, in the interests of judicial economy and to avoid expense for both sides, we respectfully request that the Court stay discovery pending Judge Woods' decision on the Motion. In the alternative, if Your Honor is not inclined to stay discovery pending the decision, we respectfully request that the Court grant Defendants a reasonable adjournment of the December 15, 2022 fact discovery end date and other current discovery due dates of not more than sixty (60) days to allow Trachtenberg & Arena as substituting counsel to get up to speed on this matter.

Respectfully submitted,

/s/ *Stephen Arena*

Stephen Arena
For Elastos Foundation, Rong Chen, and
Feng Han

In light of: (i) the change in counsel for defendants; (ii) the recent reference of this case to the undersigned Magistrate Judge; and (iii) the fact that the discovery schedule has not previously been extended, defendants' application is GRANTED to the extent that:

- The close of fact discovery is EXTENDED to **February 13, 2023**;
- Initial expert disclosures are due **March 17, 2023**;
- Rebuttal expert disclosures are due **April 17, 2023**;
- All expert discovery shall be completed by **May 15, 2023**;
- Motions for summary judgment, if any, shall be filed no later than **June 14, 2023**; and
- The joint pretrial order is due **June 14, 2023**, or, if any summary judgment motion is filed, **21 days** after the Court's decision on such motion.

SO ORDERED.

Barbara Moses
United States Magistrate Judge
October 11, 2022