# TRACHTENBERG & ARENA, LLP
### ATTORNEYS AT LAW
420 LEXINGTON AVENUE, SUITE 2818
NEW YORK, NEW YORK 10170

STEPHEN J. ARENA
SARENA@TALAW.LAW

TELEPHONE (212) 972-1375
TELECOPIER (212) 972-1376
WWW.TALAW.LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/2022

November 11, 2022

**VIA ECF:**

The Honorable Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



*Re: Owen, et al. v. Elastos Foundation, et al.,*
Case No. 1:19-cv-5462-GHW-BCM (S.D.N.Y.)

Dear Judge Moses,

     We represent the Defendants in the above-referenced matter. Pursuant to Paragraph 3(F) of Your Honor's Individual Rules of Practice in Civil Cases, paragraph 4(A)(ii) of Judge Woods' Individual Rules of Practice in Civil Cases and Paragraph 10 of the Stipulated Confidentiality Agreement and Protective Order (ECF No. 100), Defendants submit this letter explaining the need to redact certain information in Exhibit Nos. 4, 5, 7-10, 12-15, and 18 (ECF Nos. 170-4, 5 7-10, 12-15 and 18) attached to Plaintiffs' Opposition to Defendants' Motion to Deny Class Certification, filed on November 9, 2022. (ECF Nos. 167-171)

     Defendants seek approval to redact the personally identifiable information ("PII") (email addresses and financial account information) of non-parties. The public disclosure of this personal identifying information can constitute an invasion of privacy and risk the potential of unwanted exploitation. This is consistent with the rulings of the courts in this Circuit. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18- CV-4500-GHW, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) ("[t]he personal information of non-parties, including e-mail addresses, is not relevant to the adjudication of the motions at hand. Because of the significant privacy interests of non-parties, and the lack of relevance of this information to any issue in this litigation, the request to redact the e-mail addresses of [Defendant's] employees is granted."). *See also Saint-Jean v. Emigrant Mortg. Co.*, No. 11-CV-2122 (SJ), 2016 WL 11430775, at *8 (E.D.N.Y. May 24, 2016); *Burgess v. Town of Wallingford*, No. 3:11-CV-1129 CSH, 2012 WL 4344194, at *11 (D. Conn. Sept. 21, 2012). *Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2015 WL 7288641, at *1 (S.D.N.Y. Nov. 16, 2015) ("[T]he Court grants the parties'

request to redact the highlighted portions of the supporting documents containing personal bank account information").

Additionally, Defendants seek approval to seal Exhibit 16 (ECF No. 170-16) because the documents are confidential and privileged as they relate to strategic legal advice provided to Defendant Elastos Foundation by its attorneys.

Respectfully submitted,

/s/ *Stephen Arena*

Stephen Arena
For Elastos Foundation, Rong Chen, and
Feng Han

Defendants' application is GRANTED to the extent that the documents now filed under seal at Dkts. 171-4, 171-5, 171-7, 171-8, 171-9, 171-10, 171-12, 171-13, 171-14, 171-15, and 171-18, may remain under seal.

The request to seal the document at Dkt. 171-16 requires further briefing. Defendants are directed file a supplemental letter-brief, no later than **November 21, 2022**, in compliance with Moses Ind. Prac. § 3(e) and *Lugosch v. Pyramid Co. of Onondaga*, which requires the party seeking the sealing order to demonstrate that, notwithstanding the presumption of public access to judicial documents, "closure is essential to preserve higher values and is narrowly tailored to serve that interest." 435 F.3d 110, at 120 (2d Cir. 2006) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "The party seeking the sealing of judicial documents bears the burden of showing that higher values overcome the presumption of public access." *Alexandria Real Estate Equities, Inc. v. Fair*, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) (citing *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)). Neither "conclusory assertion[s]" of harm, nor "[b]road and general findings by the trial court" will suffice. *In re N.Y. Times Co.*, 828 F.2d at 116. Thus, defendants' conclusory assertion that Dkt. 171-16 is "confidential and privileged" is wholly inadequate. If defendants fail to file their supplemental letter-brief by **November 21, 2022**, Dkt. 171-16 will be unsealed.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 167 and 172.

SO ORDERED.

Barbara Moses
United States Magistrate Judge
November 14, 2022