

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK OWEN and JAMES WANDLING, *Individually and On Behalf of All Others Similarly Situated*,

        Plaintiffs,

-against-

ELASTOS FOUNDATION, et al.,

        Defendants.

19-CV-5462 (GHW) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record during yesterday's discovery conference, it is hereby

ORDERED that:

1. **Defendants' Privilege Logs**. No later than **February 10, 2023**, defendants shall:

    a. Re-review all documents that were withheld for privilege, as identified on defendants' privilege logs (the Logs) (Dkts. 143-1, 143-2);

    b. Produce all documents as to which defendants cannot justify a claim of privilege, including, without limitation, *all* versions of and communications concerning the Stradling firm's "*Howey* Memo";

    c. Redact – and produce, in redacted form – all documents as to which defendants can justify a claim of privilege only as to segregable portions of those documents; and

    d. Produce a revised privilege log, covering all documents as to which defendants continue to assert a claim of privilege, which preserves the document identifiers used in the Logs and complies with Local Civ. R. 26.2. Defendants need not log privileged documents which (i) were prepared by or sent to or from their litigation counsel of record in this action and (ii) are dated on or after January 31, 2019.

2. **Fees Regarding Privilege Log Dispute**. In accordance with Fed. R. Civ. P. 37(a)(5), defendants shall pay the reasonable expenses, including attorneys' fees, incurred by plaintiffs in obtaining the relief set forth above related to the privilege dispute. No later than **February 10, 2023**, plaintiffs shall either:

    a. Advise the Court by letter that the parties have resolved the fee portion of this Order; or

    b.    File their fee application, including properly authenticated contemporaneous time records reflecting all compensable attorney and paraprofessional time, admissible evidence regarding the reasonableness of the rates charged (including whether plaintiffs have actually paid or agreed to pay those rates) with respect to that time, and properly authenticated documentation of any other compensable expenses.

3.    **Missing WeChat Attachments/Links**.

    a.    No later than **February 1, 2023**, plaintiffs shall provide to defendants three examples of WeChat message threads that appear to be missing attachments/links and that originated from an individual defendant, Elastos board member, or other custodian whose cooperation with counsel is not in question.

    b.    No later than **February 15, 2023**, defendants shall produce the missing attachments/links (screenshots are acceptable). If they all prove to be inconsequential emoji-type images (as was the case with respect to the message thread at Dkt. 184-13, as defendants for the first time demonstrated during today's conference), no further production of missing WeChat attachments/links will be required.

4.    **Missing Google Drive, Dropbox, and Zoom Attachments/Links**. No later than **February 24, 2023**, defendants shall produce one or more sworn statements, made on personal knowledge (or, if not, describing all sources of the information presented and identifying the individual(s) with personal knowledge of that information), containing the following information:

    a.    As to *each* Google Drive account, Dropbox account, and Zoom account (collectively the Accounts) that defendants searched in connection with their discovery obligations in this action:

        i.    The account number, username, associated email address, and/or other unique identifier(s) used by the relevant technology provider to identify the Account;

        ii.    The owner of the Account (or, if ownership is unclear, the parties, custodians, or other persons who (A) created and (B) have or had credentials and/or access privileges for the Account);

        iii.    The date(s) on which defendants (including their counsel and/or their e-discovery vendor) searched the Account for discovery purposes;

        iv.    Whether, after searching the Account, defendants produced all non-privileged documents "hit on" by the search terms employed or performed a further relevance review before production.

    b. As to the Elastos Zoom account (identified by hyperlinks beginning with "elastos.zoom.us" (*see*, *e.g.*, Dkt. 184-1):

        i. Whether defendants conducted any search of that Account; and

        ii. If not, the names and last known addresses, telephone numbers, and email addresses of all individuals who possessed credentials and/or access privileges for that Account.

    c. As to each of the 19 agreed-upon custodians:

        i. The date on which each custodian was notified by defendants of their obligation to preserve documents and other evidence relevant to the instant action (or, if no notification was given, confirmation of that fact); and

        ii. A copy of each written litigation hold memo or similar communication provided to that custodian. Defendants may redact privileged portions, if any, that do not relate to the preservation of documents and other evidence relevant to the instant action.

5. **Fees Regarding Missing Attachments/Links**. The Court reserves ruling on a fee award regarding the missing attachments/links.

6. **Documents Previously Withheld Due to PIPL**. Defendants' time to comply with the Court's January 11, 2023 Order (Dkt. 181) is EXTENDED to **February 24, 2023**.

7. **Fact Discovery**. The deadline for the completion of all fact discovery is EXTENDED to **April 14, 2023**. The parties shall promptly file a joint proposed scheduling order including revised dates for the remaining pretrial deadlines in this action.

8. **Request to Seal**. Plaintiffs filed Exhibit 22 to their joint letter, dated January 18, 2023, under seal (Dkt. 183), placing a redacted version on the public docket (Dkt. 184-23), and requesting (on behalf of defendants, who designated the documents or information "confidential" when produced) that the unredacted version remain sealed. (Dkt. 182.) Defendants followed up within the prescribed period to explain that the redacted information comprised personally identifiable information (email addresses) of non-parties. (Dkt. 185.) The Court agrees that the redactions, which do not bear on the Court's determination of the parties' discovery disputes, are "essential to preserve higher values and [are] narrowly tailored to preserve that interest," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Consequently, the unredacted version of Exhibit 22 will remain under seal.

All relief not expressly granted herein is DENIED. The Clerk of Court is respectfully directed to close the letter-motion at Dkt. 182.

Dated: January 26, 2023
New York, New York

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**