USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/23/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK OWEN, Individually and On Behalf of All Others Similarly Situated, <br><br>         Plaintiff, <br><br> vs. <br><br> ELASTOS FOUNDATION, FENG HAN, and RONG CHEN, <br><br>         Defendants. | Hon. Gregory H. Woods <br><br> Civil Action No. 1:19-cv-5462-GHW <br><br> <u>CLASS ACTION</u> <br><br> <u>EXHIBIT A</u> |

**ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR CLASS NOTICE**

WHEREAS, the purported class action *Owen et al. v. Elastos Foundation, et al.*, Case No. 1:19-cv-5462-GHW (the "Litigation") is pending before the Court;

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated July 27, 2023 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and hereby preliminarily approves the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, for purposes of this settlement only, the Court preliminarily certifies a Settlement Class comprised of:   All Persons who purchased or acquired ELA Tokens in domestic transactions in the Elastos ICO, the Lock-In Program, or the secondary market between January 1, 2018 and July 27, 2023, and were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are (1) Defendants and any affiliates or subsidiaries thereof; (2) present and former officers and directors of Elastos, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (3) any entity in which any Defendant has or has had a controlling interest; and (4) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding three categories.  Also excluded from the Settlement Class are any Settlement Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court in the Notice of Pendency and Proposed Settlement of Class Action.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, James Wandling and Mark Owen are preliminarily appointed as Class Representatives for the Settlement Class, and Bleichmar Fonti & Auld LLP is preliminarily appointed as Class Counsel for the Settlement Class.

4. The Court preliminarily finds that the proposed settlement should be approved as: (i) it is the result of extensive arm's-length and non-collusive negotiations; (ii) it falls within a

range of reasonableness warranting final approval; (iii) it has no obvious deficiencies; and (iv) the proposed settlement warrants notice to Settlement Class Members and further consideration at the Settlement Hearing described below.

5.    A hearing (the "Settlement Hearing") shall be held before this Court on <u>December 22, 2023</u> at 3:00 p.m., before the Honorable Gregory Woods, United States District Judge, at the United States District Court for the Southern District of New York, 500 Pearl Street New York, New York 10007, to determine

(1) whether the proposed settlement, as set forth in the Stipulation, should be approved as fair, reasonable, and adequate to Settlement Class Members; (2) whether the proposed plan to distribute the Net Settlement Fund (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the applications by Class Counsel for attorneys' fees and expenses should be approved; and (4) whether the proposed Judgment as defined in ¶1.11 of the Stipulation should be entered.

6.    The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim and Release"), and the Summary Notice annexed to the Stipulation as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing, distribution, and publication of the Notice, Summary Notice, and Proof of Claim and Release, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Federal Rule of Civil Procedure

23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. The firm of Epiq Class Action and Claims Solutions, Inc. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

8. No later than September 7, 2023  (the "Notice Date"),

1. the Claims Administrator shall distribute notice electronically or by mail to all individuals and entities identified on a list to be provided by the Defendants pursuant to the Stipulation identifying (i) all individuals and entities who have purchased or acquired ELA Tokens directly or indirectly from the Defendants, and (ii) all exchanges, secondary markets, digital marketplaces, and/or any other forum in which ELA Tokens were listed for the purposes of trading.

2. The Claims Administrator shall publish the Summary Notice via Reddit and Twitter feed advertisements specifically focused on individuals who have shown interest in cryptocurrency, Elastos Foundation, Blockchain, and/or ELA Tokens.

3. The Claims Administrator shall publish the Summary Notice via Sponsored Search Listings on Google, Yahoo, and Bing.

4. The Claims Administrator shall publish the Summary Notice over PR Newswire.

5. The Claims Administrator shall post the Notice, Long-Form Notice, Proof of Claim and Release and other materials on the case-specific website for the settlement.

6.    Defendants shall disseminate the Notice electronically by posting a link on the Elastos.org website and by email blast.

7.    Class Counsel shall publish the Notice on its website, www.bfalaw.com.

9.    At least fourteen (14) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10.    All Members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Settlement Class.

11.    Settlement Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless they request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Requests for exclusion from the Settlement Class shall be made by submitting a written request for exclusion to the Claims Administrator, and shall be timestamped (for online submissions) or received by the Claims Administrator no later than December 1, 2023. The request for exclusion must: (1) include your name, email address, address, and telephone number; (2) state that you wish to be "excluded from the Class and do not wish to participate in the settlement in *Owen et al. v. Elastos Foundation, et al.*, Case No. 1:19-cv-5462-GHW"; (3) state the date(s), price(s), and number(s) of ELA Tokens of all your purchases, acquisitions, and/or sales of ELA Tokens; and (4) be signed by you. No request for exclusion will be considered valid unless all of the information described above is included in any such request. No further opportunity to request exclusion will be given in the Litigation. If you choose to be

excluded from the Class, (a) you are not entitled to share in the proceeds of the settlement described herein; (b) you are not bound by any judgment entered in the Litigation; and (c) you are not precluded by the settlement from otherwise prosecuting an individual claim against Defendants, if timely, based on the matters complained of in the Litigation.

12.    Settlement Class Members who wish to participate in the settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein. All Proof of Claim and Release forms must be postmarked or submitted electronically no later than December 6, 2023.   Any Settlement Class Member who does not timely submit a Proof of Claim and Release on or before the foregoing deadlines shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.   Notwithstanding the foregoing, Class Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

13.    Any Member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Class Counsel.

14.    Any Class Member who objects to any aspect of the settlement, including the Plan of Allocation, or the application for attorneys' fees and expenses, may appear and ask to be heard at the Settlement Hearing. Any Class Member may object to the proposed settlement in writing or appear at the Settlement Hearing, either in person or through the Class Member's own attorney.   Any objection must (1) include Class Member name, email address, address, and telephone number; (2) clearly identify the case name and number

(*Owen et al. v. Elastos Foundation, et al.*, Case No. 1:19-cv-5462-GHW); (3) demonstrate membership in the Class, including the date(s), price(s), and number(s) of ELA Tokens of all the Class Member's purchases, acquisitions, and/or sales of ELA Tokens; (4) contain a statement of the reasons for objection; and (5) be submitted to the Court either by mail to the Clerk of the United States District Court Southern District of New York, 500 Pearl Street New York, New York 10007, or by filing them in person at any location of the United States District Court for the Southern District of New York, or electronically by ECF on the docket for this case. Such objections, papers, and briefs must be received or filed, not simply postmarked, on or before December 1, 2023.

15.     Only Class Members who have submitted written notices of objection in the manner and time provided above will be heard at the Settlement Hearing, unless the Court orders otherwise. Any Class Member who does not make their objection in the manner and time provided above shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the proposed settlement, to the Plan of Allocation, or to the award of attorneys' fees and expenses, unless otherwise ordered by the Court.

16.     The Court approves the establishment of the Escrow Accounts into which the Settlement Amount will be deposited for the benefit of the Settlement Class.  All funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis* of the Court, and

7

shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. All opening briefs and supporting documents in support of final approval of the settlement, the Plan of Allocation, and any application by Class Counsel for attorneys' fees and expenses shall be filed and served by November 17, 2023.  Replies to any objections shall be filed and served by December 8,  2023.

18. Neither the Released Defendants nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

19. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees or payment of expenses, shall be approved.

20. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Class Representatives nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.12 or 2.14 of the Stipulation.

21. Neither the Stipulation, nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of

any Released Claim, the truth of any of the allegations in the Litigation, of any wrongdoing, fault, or liability of the Released Defendants, or that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

22.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

23.     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation as of May 26, 2023 and shall promptly raise with the Court any relief requested concerning the case schedule; and (ii) the Settlement Amount shall be refunded, to the extent provided in Paragraphs 7.4 and 7.6 of the Stipulation, pursuant to written instructions from counsel for Defendants as set forth in the Stipulation. In such event, the terms and provisions of the Stipulation, except as set forth in the Stipulation, shall be null and void, have no further force and effect, and shall not be used in the Litigation or in any other proceeding for any purpose, and this Order, in accordance with the terms of the Stipulation, shall be treated as

vacated, *nunc pro tunc*, and shall not be used in this Litigation or in any other proceeding for any purpose.

24.  Pending final determination of whether the proposed settlement should be approved, neither Class Representatives nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants any action or proceeding in any court or tribunal asserting any Released Claims.

25.  Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice, in the Summary Notice, or in the Judgment, is hereby stayed, and all hearings, deadlines and other proceedings in this Litigation, except the Settlement Hearing and any deadlines set forth in this Order, are hereby taken off calendar.

IT IS SO ORDERED.

Dated:  August 23, 2023

Gregory H. Woods
United States District Judge
Southern District of New York

10

# Exhibit A-1

# Notice of Pendency and Proposed Settlement of Class Action

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK OWEN, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>                    - v. -<br><br>ELASTOS FOUNDATION, RONG CHEN, and FENG HAN<br><br>                              Defendants. | No. 1:19-cv-5462-GHW<br><br><br>EXHIBIT A-1 |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO:    All Persons who purchased or acquired ELA Tokens in domestic transactions in the Elastos ICO, the Lock-In Program, or the secondary market between January 1, 2018 and July 27, 2023, and were damaged thereby (the "Class").**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY A PROPOSED CLASS ACTION SETTLEMENT IN A LAWSUIT PENDING IN FEDERAL COURT.

IF YOU ARE A CLASS MEMBER, YOU MUST SUBMIT A CLAIM FORM TO OBTAIN YOUR SHARE OF THE SETTLEMENT. IF YOU DO NOT SUBMIT A CLAIM, YOU WILL NOT HAVE ANY RIGHT TO COMPENSATION UNLESS YOU OPT OUT OF THE CLASS.

This Notice concerns a lawsuit alleged as a class action on behalf of investors (individuals and entities) who purchased or acquired ELA Tokens in domestic transactions in the Elastos ICO, the Lock-In Program, or the secondary market between January 1, 2018 and July 27, 2023, and were damaged thereby.[1] The lawsuit is referred to as *Owen et al. v. Elastos Foundation, et al.*, Case No. 1:19-cv-5462-GHW (the "Litigation") and is pending before the Honorable Gregory Woods in the United States District Court for the Southern District of New York (the "Court").

This Notice is to inform you that the Lead Plaintiffs, Mark Owen and James Wandling (the "Lead Plaintiffs"), on behalf of themselves and the Settlement Class, have reached a proposed settlement agreement with Defendants Elastos Foundation, Feng Han, and Rong Chen

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated July 27, 2023 (the "Stipulation"), which is available on the website for the litigation, www.ElastosSecuritiesLitigation.com.

(collectively, "Defendants"). If the settlement is approved by the Court, all of the Released Claims (defined in Question 25 below) against Released Defendants (defined in Question 25 below) will be resolved on behalf of all Class Members.

**Overview of the Litigations and Settlement**: Lead Plaintiffs filed the operative Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") on July 29, 2020. (ECF No. 68.) The Complaint alleges that Defendants violated Sections 5 and 12(a)(1) of the Securities Act of 1933 (the "Securities Act") by offering and selling unregistered securities in the form of digital asset tokens called ELA Tokens ("ELA Tokens") in violation of the Securities Act. The Complaint further alleges that Defendants Chen and Han are controlling persons individually liable for the Defendants' violation of Sections 5 and 12(a)(1). You may review a copy of the Complaint in the Action by visiting www.ElastosSecuritiesLitigation.com.

The parties engaged in two settlement conferences before independent mediator Robert A. Meyer. The first settlement conference was held on September 7, 2022. Prior to that settlement conference, the parties exchanged settlement conference statements with exhibits. A second settlement conference was held on April 28, 2023, but the parties were still unable to reach an agreement. Following numerous further teleconferences with Mediator Meyer over the following weeks, the parties accepted Mediator Meyer's recommendation to settle the case, reaching a settlement in principle on the terms set forth herein, subject to the approval of the Court.

**Overview of the Recovery**: Lead Plaintiffs have agreed to settle all claims and grant the Released Defendants a full and complete release of all Released Claims in exchange for a cash payment of $2,000,000 (the "Settlement Amount"). The Settlement Amount plus any interest earned thereon is called the "Settlement Fund." The "Net Settlement Fund" (the Settlement Fund less any attorneys' fees and expenses (not to exceed 30% or $600,000 for all attorneys' fees and expenses combined) provided for herein or approved by the Court and less Notice and Administration Expenses (currently estimated to be no more than $175,000), Taxes and Tax Expenses, and other Court-approved deductions) will be distributed pursuant to the plan of allocation that is approved by the Court (the "Plan of Allocation"), which determines how the Net Settlement Fund will be allocated among Class Members who become eligible to participate in the distribution of the Net Settlement Fund by submitting a timely and valid Proof of Claim and Release form ("Proof of Claim" or "Claim Form"). The proposed Plan of Allocation is described at page 19 below.

Based on the analysis performed by Lead Plaintiffs and their damages experts, the estimated average recovery per ELA Token for a Class Member from the Settlement Fund (*before* the deduction of any Court-approved fees, expenses and costs as described herein) would be approximately $2.76 per ELA Token purchased and/or acquired in the Elastos ICOs or Lock-In Program, and $0.0007 per ELA Token purchased and/or acquired in the secondary market.

In addition, based on the analysis performed by Lead Plaintiffs and their damages experts, the estimated average recovery per ELA Token for a Class Member from the Settlement Fund (*after* the deduction of any Court-approved fees, expenses and costs as described herein) would be

2

approximately $1.69 per ELA Token purchased and/or acquired in the Elastos ICOs or Lock-In Program, and $0.0004 per ELA Token purchased and/or acquired in the secondary market.

These amounts assume all eligible Class Members submit valid and timely Proofs of Claim. If fewer than all Class Members submit timely and valid Proofs of Claim (which is likely), the distributions per ELA Token will be higher. A Class Member's recovery from the Net Settlement Fund will be a proportional *pro rata* share of the Net Settlement Fund determined by a Class Member's individual damages as compared to the total damages of all Class Members who

3

submit timely and valid Proofs of Claim. (See the Plan of Allocation beginning on page 19 below for details and more information.)

Settlement Class Counsel intends to seek combined attorneys' fees and expenses not to exceed 30% or $600,000 of the Settlement Amount. Please note that these amounts are subject to approval by the Court.

**Identification of Attorneys**: Lead Plaintiffs and all other Class Members are represented by counsel identified in the answer to Question 16 below.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM POSTMARKED OR SUBMITTED ONLINE BY _____, 2023** | This is the only way to be eligible to get a payment from the settlement. If you wish to participate in the settlement, you will need to complete and submit a Proof of Claim. Class Members who do not complete and submit the Proof of Claim in accordance with the instructions on the Proof of Claim and do not submit it within the time required will be bound by the settlement but will not participate in any distribution of the Net Settlement Fund. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS POSTMARKED NO LATER THAN _____, 2023** | You will not be bound by the results of the Litigation, and you will not receive any payment. This is the **only** option that allows you to ever bring or be part of any other lawsuit against the Released Defendants about the legal claims related to the issues raised in the Litigation. <br><br> ***If you request to be excluded because you want to bring your own lawsuit based on the matters alleged in the Litigation, you should consult an attorney and discuss whether it is too late to pursue your individual claim because it may be time-barred by the applicable statutes of limitations or repose.*** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED OR FILED NO LATER THAN _____, 2023** | If you believe the settlement is objectionable in any respect, you may write to the Court about why you oppose the settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs and expenses. You will still be a Class Member. |
| **ATTEND THE SETTLEMENT HEARING ON _____, 2023, AT \_\_ \_\_, AND PROVIDE A NOTICE OF INTENTION TO APPEAR TO SETTLEMENT CLASS COUNSEL SO THAT IT IS RECEIVED NO LATER THAN _____, 2023** | The hearing on whether to approve the settlement is scheduled for _____, 2023, at \_\_ (the "Settlement Hearing"), and is open to the public. You do not need to attend the hearing unless you wish to speak either in support of the settlement or in support of any objection you may have submitted, and have submitted to Settlement Class Counsel a Notice of Intention to Appear so that it is received no later than _____, 2023. The Court may postpone the Settlement Hearing without prior notice on the date scheduled for the hearing. |

5

| DO NOTHING | If you are a Class Member and do not submit a Proof of Claim postmarked or submitted online by _____, 2023, you will not be eligible to receive any payment from the Settlement Fund. You will, however, be bound by the settlement, unless you have requested exclusion from the Settlement Class. |
|---|---|

These rights and options are explained in further detail later in this Notice.

**Further Information**

For further information regarding this settlement, you may contact a representative of Settlement Class Counsel: Javier Bleichmar, Bleichmar Fonti & Auld LLP, 75 Virginia Road, White Plains, New York 10603, Telephone: 888-879-9418. You may also visit the website for the case: www.ElastosSecuritiesLitigation.com (the "Settlement Website").

6

**TABLE OF CONTENTS**

**Page No.**

BASIC INFORMATION ...................................................................................................9

    1.     Why did I get this Notice? ................................................................................ 9

    2.     What is the Litigation about? .......................................................................... 9

    3.     Why is this a class action? ............................................................................ 10

    4.     Why is there a settlement? ............................................................................ 10

WHO IS IN THE SETTLEMENT ....................................................................................10

    5.     How do I know if I am part of the settlement? ............................................ 11

    6.     Are there exceptions to being included? ...................................................... 11

    7.     What if I am still not sure if I am included? ................................................. 11

THE SETTLEMENT BENEFITS – WHAT YOU GET .................................................11

    8.     What does the settlement provide? ................................................................ 11

    9.     How much will my payment be? .................................................................... 12

    10.    How can I receive a payment? ...................................................................... 12

    11.    When would I receive my payment? .............................................................. 12

    12.    What am I giving up to receive a payment or to stay in the Class? ........................... 12

EXCLUDING YOURSELF FROM THE CLASS .........................................................13

    13.    How do I get out of the proposed settlement? ............................................. 13

    14.    If I do not exclude myself, can I sue the Released Defendants for the same thing later? ................................................................................................... 14

    15.    If I exclude myself, can I get money from the proposed settlement? ....................... 14

THE LAWYERS REPRESENTING YOU ......................................................................14

    16.    Do I have a lawyer in this case? ................................................................... 14

    17.    How will the lawyers be paid? ...................................................................... 14

    18.    Can I hire my own lawyer? .......................................................................... 15

OBJECTING TO THE SETTLEMENT ..........................................................................15

    19.    How do I tell the Court that I object to the proposed settlement? ................. 15

    20.    What is the difference between objecting and excluding myself? ................. 16

THE COURT'S SETTLEMENT HEARING....................................................................................16

    21.    When and where will the Court decide whether to approve the proposed
            settlement?........................................................................................ 16

    22.    Do I have to attend the hearing?...................................................... 16

    23.    May I speak at the hearing?.............................................................. 17

    24.    What happens if I do nothing at all?................................................. 17

DISMISSALS AND RELEASES.................................................................................................17

    25.    What happens if the proposed settlement is approved? ................... 17

GETTING MORE INFORMATION.............................................................................................18

    26.    How do I get more information about the proposed settlement? ............................ 18

SPECIAL NOTICE TO NOMINEES..........................................................................................18

PLAN OF ALLOCATION OF NET SETTLEMENT FUND.......................................................19

**BASIC INFORMATION**

| 1. | **Why did I get this Notice?** |
|---|---|

You have received this Notice because the parties are seeking approval of a proposed settlement on behalf of Class Members, and you have been identified as a potential Class Member either from Elastos's internal records or records maintained by certain secondary exchanges.

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed settlement of the Litigation, and about all of their options, before the Court decides whether to approve the settlement.

This Notice explains the Litigation, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. | **What is the Litigation about?** |
|---|---|

This Litigation is a securities class action first filed on January 31, 2019 on behalf of all persons who purchased or acquired ELA Tokens in domestic transactions in the Elastos ICO, the Lock-In Program, or the secondary market between January 1, 2018 and July 27, 2023, and were damaged thereby.

On May 26, 2020, the Court appointed Mark Owen and James Wandling as Lead Plaintiffs and Bleichmar, Fonti & Auld LLP as lead counsel. (ECF No. 52.)

Lead Plaintiffs filed the operative Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") on July 29, 2020. (ECF No. 68.) The Complaint alleges violations of Sections 5 and 12(a)(1) of the Securities Act of 1933 (the "Securities Act") by Defendants and Section 15 of the Securities Act by Rong Chen and Feng Han. Lead Plaintiffs alleged that Defendants offered and sold unregistered securities in the form of cryptocurrency tokens called ELA Tokens ("ELA Tokens") in violation of the Securities Act. Lead Plaintiffs further allege that Defendants offered and sold the ELA Tokens via an Initial Coin Offering (or "ICO") in January 2018, in which investors paid Defendants BTC or NEO in exchange for ELA Tokens; a so-called "Lock-In Program," pursuant to which investors agreed not to sell their tokens for a pre-specified amount of time in exchange for accruing interest in the form of additional ELA Tokens; and secondary market digital asset exchanges.

On December 9, 2021, the Court denied Defendants' motion to dismiss the Complaint. (ECF No. 87.) Defendants filed their answers on January 13, 2022, which denied all claims alleged in the Complaint and asserted multiple defenses thereto. (ECF Nos. 94, 95, 96.)

Lead Plaintiffs and Defendants then engaged in extensive discovery. Lead Plaintiffs requested documents from Defendants, Elastos' attorneys, cryptocurrency exchanges, certain consultants, and other third parties, resulting in substantial document productions. The parties engaged in several discovery disputes and countless meet-and-confer conferences. They litigated before the Court a discovery dispute involving the withholding of discovery pursuant to the Personal Information Protection Law of the People's Republic of China (PIPL). Lead Plaintiffs deposed four current or former Elastos personnel and consultants, including Defendant Feng Han,

9

and, at the time this settlement was reached, and were preparing for two additional fact witness depositions, including of Defendant Rong Chen, and two 30(b)(6) depositions.  Lead Plaintiffs also served extensive written discovery.

**Settlement Proceedings**

The parties engaged in two settlement conferences before mediator Robert A. Meyer.  The first settlement conference was held on September 7, 2022.  Prior to that settlement conference, the parties exchanged settlement conference statements with exhibits.  A second settlement conference was held on April 28, 2023, but the parties were still unable to reach an agreement. Following numerous further teleconferences with Mediator Meyer over the following weeks, the parties accepted Mediator Meyer's recommendation to settle the case, reaching a settlement in principle on the terms set forth herein, subject to the approval of the Court.

On _____, 2023, the Court entered an order preliminarily approving the proposed settlement, approving this Notice, setting deadlines, and scheduling the Settlement Hearing to consider whether to grant final approval of the settlement.

**This Notice is NOT an expression of the Court's opinion on the merits of any of the claims in the Litigation or whether Defendants engaged in any wrongdoing.**

To learn more about what has happened in the Litigation to date, including a detailed history, please see the Stipulation and other relevant pleadings which are available at www.ElastosSecuritiesLitigation.com (the "Settlement Website"). Instructions on how to get more information are also included in Question 26 below.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more persons or entities sue on behalf of people and entities who have similar claims. Together, these people and entities are referred to as a Class or Settlement Class, and each is a Class Member. One court resolves the issues for all Class Members at the same time, except for those Class Members who exclude themselves from the Class (the process which is described more fully in Question 13 below).

| 4. | Why is there a settlement? |
|---|---|

Lead Plaintiffs made claims against Defendants on behalf of Class Members. Defendants deny that they have done anything wrong or violated any statute and admit no liability. No court has decided in favor of the Defendants or the Class. Instead, all parties agreed to the settlement to avoid the costs and risks of further litigation, including trial and post-trial appeals, and Lead Plaintiffs agreed to the settlement to ensure that Class Members will receive compensation.  Lead Plaintiffs and Class Counsel all believe the settlement is in the best interest of all Class Members in light of the real possibility that continued litigation could result in no recovery at all.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

| 5. | **How do I know if I am part of the settlement?** |
|---|---|

For purposes of the settlement, the Court directed that everyone who fits this description is a Class Member: ***All Persons who purchased or acquired ELA Tokens in domestic transactions in the Elastos ICO, the Lock-In Program, or the secondary market between January 1, 2018 and July 27, 2023, and were damaged thereby,*** except those Persons and entities that are excluded, as described below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN YOU ARE A CLASS MEMBER OR ENTITLED TO RECEIVE PAYMENT FROM THE SETTLEMENT. IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO GET PAYMENT FROM THE SETTLEMENT, YOU MUST SUBMIT THE CLAIM FORM INCLUDED WITH THIS NOTICE SO THAT IT IS POSTMARKED OR SUBMITTED ONLINE BY _____, 2023.**

| 6. | **Are there exceptions to being included?** |
|---|---|

Excluded from the Settlement Class are (1) Defendants and any affiliates or subsidiaries thereof; (2) present and former officers and directors of Elastos, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (3) any entity in which any Defendant has or has had a controlling interest; and (4) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding three categories. Also excluded from the Settlement Class are any Settlement Class Members that validly and timely request exclusion in accordance with the requirements set by the Court in the Notice of Pendency and Proposed Settlement of Class Action.

| 7. | **What if I am still not sure if I am included?** |
|---|---|

If you are still not sure whether you are included in the settlement, you can ask for free help. You can contact the Claims Administrator toll-free at 1-800-280-6458, or you can fill out and return the Proof of Claim available on the website, www.ElastosSecuritiesLitigation.com, to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 8. | **What does the settlement provide?** |
|---|---|

A settlement has been reached in the Litigation between Lead Plaintiffs and Defendants, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto. The following description of the proposed settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court or accessible at www.ElastosSecuritiesLitigation.com, for a full statement of its provisions.

The Settlement Fund consists of Two Million Dollars ($2,000,000.00) in cash, plus any interest earned thereon.

The Settlement Fund will be used to pay expenses for the Litigation, to pay for this Notice and the processing of claims submitted by Class Members, to pay Taxes and Tax Expenses, and to pay attorneys' fees.

11

The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, in accordance with the Plan of Allocation described below, to Class Members who submit valid and timely Proofs of Claim.

The effectiveness of the settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

| 9. | How much will my payment be? |
|---|---|

Your share of the fund will depend on several things, including how many Class Members submit a timely and valid Proof of Claim, the total dollar amount of the claims represented by the valid Proofs of Claim that Class Members send in, the number of ELA Tokens you purchased or acquired, how much you paid for the tokens, when you purchased or acquired them, and if you sold your tokens and for how much.

By following the instructions in the Plan of Allocation, you can calculate your claim. It is unlikely that you will get a payment for the full amount of your claim. After all Class Members have sent in their Proofs of Claim, the payment you get will be a part of the Net Settlement Fund equal to your claim divided by the total of all valid claimants' claims. (See the Plan of Allocation beginning on page 19 below for more information on your claim.)

| 10. | How can I receive a payment? |
|---|---|

You may submit a Proof of Claim as described below. If you choose this option, you will share in the proceeds of the proposed settlement if your claim is timely, valid, and entitled to a distribution under the Plan of Allocation described below and if the proposed settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court as described below.

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM.** A Proof of Claim may be downloaded at www.ElastosSecuritiesLitigation.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail or submit it to the Claims Administrator so that it is *postmarked or electronically submitted no later than _____, 2023.* The Claim Form may be submitted online at www.ElastosSecuritiesLitigation.com. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

| 11. | When would I receive my payment? |
|---|---|

The Court will hold a Settlement Hearing on _____, *2023, at ___ __*, to decide whether to approve the settlement. If the Court approves the settlement after that hearing, there might be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up to receive a payment or to stay in the Class? |
|---|---|

If you do not make a valid and timely request in writing to be excluded from the Class, you will be bound by any and all determinations or judgments in the Litigation in connection with the settlement entered into or approved by the Court, whether favorable or unfavorable to the Class, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Defendants, whether or not you submit a valid Proof of Claim.

## EXCLUDING YOURSELF FROM THE CLASS

**13.    How do I get out of the proposed settlement?**

If you wish to be excluded from the Class, meaning to opt out of the lawsuit, you must submit a request for exclusion in accordance with the instructions below. **If you choose to be excluded: (1) you will NOT be entitled to share in any recovery from the Net Settlement Fund; (2) you will NOT be bound by any judgment or release entered in this lawsuit; and (3) AT YOUR OWN EXPENSE, you MAY pursue any claims that you have by filing your own lawsuit or taking other action**.

*If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Litigation, you should consult an attorney and discuss whether it is too late to pursue your individual claim because it may be time-barred by the applicable statutes of limitations or repose.*

*If you are excluded and pursue your own individual action you may also have to produce information and/or documents upon the Defendants' request (a process known as "discovery"), which could include, but not be limited to, providing testimony under oath.*

If you wish to be excluded, you must mail a written request stating that you wish to be excluded from the Class to the Claims Administrator, Epiq Class Action and Claims Solutions, Inc., at the following address:

Elastos Securities Litigation
EXCLUSIONS
Epiq Class Action and Claims Solutions, Inc.
P.O. Box 2169
Portland, OR 97208-2169

The request for exclusion must: (1) include your name, email address, address, and telephone number; (2) state that you wish to be "excluded from the Class and do not wish to participate in the settlement in *Owen et al. v. Elastos Foundation, et al.*, Case No. 1:19-cv-5462-GHW"; (3) state the date(s), price(s), and number(s) of ELA Tokens of all your purchases, acquisitions, and/or sales of ELA Tokens; and (4) be signed by you.

*YOUR EXCLUSION REQUEST MUST BE POSTMARKED NO LATER THAN _____ , 2023*.

13

No request for exclusion will be considered valid unless all of the information described above is included in any such request. No further opportunity to request exclusion will be given in the Litigation. If you choose to be excluded from the Class, (a) you are not entitled to share in the proceeds of the settlement described herein; (b) you are not bound by any judgment entered in the Litigation; and (c) you are not precluded by the settlement from otherwise prosecuting an individual claim against Defendants, if timely, based on the matters complained of in the Litigation.

| 14. | If I do not exclude myself, can I sue the Released Defendants for the same thing later? |
| --- | --- |

No. Unless you exclude yourself, you give up any rights to sue the Released Defendants for any and all Released Claims. If you have a pending lawsuit against the Released Defendants, speak to your lawyer in that case immediately. You must exclude yourself from the Class if you want to continue your own lawsuit. Remember, the exclusion deadline is _____, *2023*.

| 15. | If I exclude myself, can I get money from the proposed settlement? |
| --- | --- |

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |
| --- | --- |

The Court appointed the law firm of Bleichmar Fonti & Auld LLP to represent the Settlement Class in this Litigation, including you (assuming you are a Class Member). These lawyers are called Settlement Class Counsel.

You will not be charged for these lawyers. They will be paid from the Settlement Fund to the extent the Court approves their application for fees and expenses. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | How will the lawyers be paid? |
| --- | --- |

At the Settlement Hearing, Settlement Class Counsel will request that the Court award aggregate attorneys' fees and expenses, the combined value of which will be no more than 30% of the Settlement Amount, or $600,000.  The Claims Admintrator currently estimates that it will seek no more than $175,000 for Notice and Administration Expenses.  Class Members are not personally liable for any such fees or expenses. The net recovery for Class Members (also referred to as the Net Settlement Fund) is estimated to be at least $1,225,000 ($2,000,000 minus all of the foregoing fees and expenses).

Class Counsel states that it has litigated this case on behalf of Lead Plaintiffs and the Class for over four years against the Defendants, who have been represented in this Litigation by two separate law firms. On behalf of the Class, Settlement Class Counsel conducted an extensive investigation and drafted a complaint that advanced complex theories of liability concerning application of Securities Act to the evolving digital asset space; defeated Defendants' motion to dismiss the complaint; resolved numerous discovery disputes; litigated before the Court a discovery dispute involving the withholding of discovery pursuant to the Personal Information Protection Law of the People's Republic of China and disputes involving the withholding of

14

discovery on various privilege and relevance grounds. Settlement Class Counsel also deposed four current or former Elastos personnel and consultants, including Defendant Feng Han, and, at the time this settlement was reached, and was preparing for two additional fact witness depositions, including of Defendant Rong Chen, and two 30(b)(6) depositions.  Settlement Class Counsel served written interrogatories on the Defendants and propounded dozens of document requests and subpoenas and obtained and analyzed nearly 2 million pages of documents from the Defendants as well as third parties, including Elastos' attorneys, cryptocurrency exchanges, certain consultants, and other third parties. Additionally, Settlement Class Counsel opposed Defendants' motion to deny certification.

To date, Settlement Class Counsel has not received any payment for their services representing Class Members, nor has it been paid any of its expenses. The fees requested by Settlement Class Counsel will compensate counsel for its efforts in achieving the settlement for the benefit of the Class, and for the risks it undertook in representing the Class on a wholly contingent basis.  Settlement Class Counsel believes that its total attorneys' fee request is well within the range of fees awarded to plaintiff's counsel under similar circumstances in other litigation of this type.

| 18. | Can I hire my own lawyer? |
|-----|---------------------------|

If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before _____, 2023. If you do not enter an appearance through counsel of your own choosing, you will be represented by Class Counsel: Javier Bleichmar, Bleichmar Fonti & Auld LLP, 75 Virginia Road, White Plains, New York 10603, Telephone: 888-879-9418.

## OBJECTING TO THE SETTLEMENT

| 19. | How do I tell the Court that I object to the proposed settlement? |
|-----|------------------------------------------------------------------|

Any Class Member who objects to any aspect of the settlement, including the Plan of Allocation, or the application for attorneys' fees and expenses, may appear and ask to be heard at the Settlement Hearing. The Court can only approve or deny the settlement; the Court cannot change its terms. You can ask the Court to deny approval of the settlement by filing an objection.

You may object to the proposed settlement in writing. You may also appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for any legal expenses charged by that attorney. Any objection must (1) include your name, email address, address, and telephone number; (2) clearly identify the case name and number (*Owen et al. v. Elastos Foundation, et al.*, Case No. 1:19-cv-5462-GHW); (3)  demonstrate your membership in the Class, including the date(s), price(s), and number(s) of ELA Tokens of all your purchases, acquisitions, and/or sales of ELA Tokens; (4) contain a statement of the reasons for objection; and (5) be submitted to the Court either by mailing to the Clerk of the United States District Court Southern District of New York, 500 Pearl Street New York, New York 10007, or by filing them in person at any location of the United States District Court for the Southern District of New York, or electronically by ECF on the docket for this case.

15

Such objections, papers, and briefs must be **received or filed, not simply postmarked, on or before _____, 2023**.

Only Class Members who have submitted written notices of objection in the manner and time provided above will be heard at the Settlement Hearing, unless the Court orders otherwise. Any Class Member who does not make their objection in the manner and time provided above shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the proposed settlement, to the Plan of Allocation, or to the award of attorneys' fees and expenses, unless otherwise ordered by the Court.

| 20. | What is the difference between objecting and excluding myself? |
|---|---|

Objecting is telling the Court that you do not like something about the proposed settlement, the Plan of Allocation, or the attorneys' fee and expense application. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. Do not submit both an objection and a request for exclusion. **If you submit an objection and a request for exclusion, your objection will be disregarded and you will be excluded from the Class.**

## THE COURT'S SETTLEMENT HEARING

| 21. | When and where will the Court decide whether to approve the proposed settlement? |
|---|---|

The Settlement Hearing will be held on _____*, 2023, at* ____, before the Honorable Gregory Woods, United States District Judge, at the United States District Court for the Southern District of New York, 500 Pearl Street New York, New York 10007.

The purpose of the Settlement Hearing will be to determine: (1) whether the proposed settlement, as set forth in the Stipulation, consisting of Two Million Dollars ($2,000,000.00) in cash, should be approved as fair, reasonable, and adequate to the Class Members; (2) whether the proposed plan to distribute the Net Settlement Fund (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the applications for attorneys' fees and expenses should be approved; and (4) whether the proposed Judgment should be entered.

**The Court may adjourn the Settlement Hearing to another time (*i.e.*, reschedule) without further notice to the Class. Before the Settlement Hearing, Class Members who plan to attend should check the Settlement Website or the Court's PACER site (*see* Question 26 below) to confirm that the date of the Settlement Hearing has not been changed.**

| 22. | Do I have to attend the hearing? |
|---|---|

No. Settlement Class Counsel will answer questions the Court may have. But you are welcome to attend at your own expense. If you send an objection or statement in support of the settlement, you are not required to go to Court to discuss it. As long as you mailed your objection on time, the Court will consider it. You may also pay your own lawyer to attend, but you are not required to do so. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

16

| 23. | May I speak at the hearing? |
|-----|---|

If you object to any aspect of the settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include in your objection (*see* Question 19 above) a statement saying that it is your "Notice of Intention to Appear in *Owen et al. v. Elastos Foundation, et al.*, Case No. 1:19-cv-5462-GHW." Persons who intend to object to any aspect of the settlement, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

| 24. | What happens if I do nothing at all? |
|-----|---|

You may do nothing at all. If you choose this option, you will not share in the proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Defendants.

## DISMISSALS AND RELEASES

| 25. | What happens if the proposed settlement is approved? |
|-----|---|

As a Class Member, in consideration for the benefits of the settlement, you will be bound by the terms of the settlement and you will release the Released Defendants from the Released Claims as defined below.

"Released Claims" means any and all claims, rights, causes of action, liabilities, actions, suits, damages, or demands (including Unknown Claims as defined below) of any kind whatsoever, which now exist, heretofore or previously existed, or may hereafter exist, including, but not limited to, any claims arising under federal, state, or common law, that the Lead Plaintiffs or any Settlement Class Member has asserted in the Amended Complaint, or could have asserted in either the Litigation or could in the future assert in any United States forum that concern, arise out of, refer to, are based upon, or are related in any manner to the allegations, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth, or referred to in the Litigation.  "Released Claims" does not include claims relating to the enforcement of the Settlement.

"Released Defendants" means each and all of the Defendants, their attorneys and each of their Released Parties. "Released Parties" means, as applicable, each and all of the following: (a) each and every Defendant, including all defendants previously named in this action; (b) the respective present and former parents, affiliates, subsidiaries, divisions, directors, officers, employees, contractors, founders, controlling shareholders, advisors, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, coinsurers, related or affiliated entities, general partners and limited partners, and successors in interest of the Persons listed in subparts (a), including without limitation any Person in which a Person in subpart (a) has or had a controlling interest, in their respective capacities as such; and (c) the present and former members of the immediate family, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries,

17

employees, officers, managers, directors, general partners, limited partners, attorneys, representatives, estates, divisions, estate managers, indemnifiers, insurers and reinsurers of each of the Persons (including entities, as defined above) listed in subparts (a) and (b) of this definition, in their respective capacities as such.

If the proposed settlement is approved, the Court will enter a Judgment (the "Judgment"). In addition, upon the Effective Date of the Judgment, Lead Plaintiffs and all Class Members who do not submit a timely and valid request for exclusion and anyone claiming through or on behalf of any of them shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Defendants, whether or not such Class Member executes and delivers the Proof of Claim and Release, whether or not such Class Member shares in the Settlement Fund, and whether or not such Class member objects to the settlement, and will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting any and all Released Claims against any of the Released Defendants, except to enforce the Stipulation.

## GETTING MORE INFORMATION

| **26.** | **How do I get more information about the proposed settlement?** |
|---|---|

This Notice contains only a summary of the terms of the proposed settlement and does not describe all of the details of the Stipulation. For the precise terms and conditions of the settlement, please see the Stipulation available at www.ElastosSecuritiesLitigation.com; by contacting Class Counsel at 888-879-9418; by accessing the Court docket in the Litigation through the Federal Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the United States District Court Southern District of New York, 500 Pearl Street New York, New York 10007, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

If you have any questions about the settlement, you may contact Class Counsel by writing to:

> Bleichmar Fonti & Auld LLP
> Javier Bleichmar
> 75 Virginia Road
> White Plains, NY 10603
> Telephone: 888-879-9418

## SPECIAL NOTICE TO NOMINEES

Nominees who purchased or acquired ELA Tokens in domestic transactions in the Elastos ICO, the Lock-In Program, or the secondary market, shall either: (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice to

18

forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and email addresses of all such beneficial owners to the Claims Administrator at *Elastos Securities Litigation*, c/o Epiq Class Action and Claims Solutions, Inc., P.O. Box 2169, Portland, OR 97208-2169.

If you choose the first option, you must send a statement to the Administrator confirming that you distributed the Notice and **you must retain records of the distribution for use in connection with any further notices that may be provided in the Action**.

If you choose the second option, the Administrator will send a copy of the Notice to the beneficial owners.

Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

Copies of this Notice may also be obtained from www.ElastosSecuritiesLitigation.com, or by calling the Claims Administrator toll free at 1-800-280-6458.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

1. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to Settlement Class Members. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund

2. For each purchase or acquisition of ELA Tokens in domestic transactions in the Elastos ICO, the Lock-In Program, or the secondary market that is listed in the Claim Form and properly documented, a "Recognized Loss Amount" will be calculated according to the formula(s) described below. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, the Recognized Loss Amount will be set to zero.

3. To reflect the differences in the standard of proof and legal strength of the various Class Members' claims, the Net Settlement Fund will be allocated as follows:

   a. 90% of the Net Settlement Fund will be allocated to claims associated with purchases and/or acquisitions in the Elastos ICO and Lock-In Program.

      i. 75% of this 90% allocation (or 67.5% of the total Net Settlement Fund) will be allocated to Class Members who at the time of their purchase or acquisition in the Elastos ICO and/or Lock-In Program were located in or residents of the United States.

19

      ii.  25% of this 90% allocation (or 22.5% of the total Net Settlement Fund) will be allocated to Class Members who at the time of their purchase or acquisition in the Elastos ICO and/or Lock-In Program were located outside and were not residents of the United States.

  b.  10% of the Net Settlement Fund will be allocated to claims associated with purchases and/or acquisitions on the secondary market.

      i.  80% of this 10% allocation (or 8% of the total Net Settlement Fund) will be allocated to Class Members who purchased or acquired their ELA Tokens on United States based secondary markets.

      ii.  15% of this 10% allocation (or 1.5% of the total Net Settlement Fund) will be allocated to Class Members who purchased or acquired their ELA Tokens on non-United States based secondary markets and were located in or residents of the United States.

      iii.  5% of this 10% allocation (or 0.5% of the total Net Settlement Fund) will be allocated to Class Members who purchased or acquired their ELA Tokens on non-United States based secondary markets and were located outside and were not residents of the United States.

4. For any ELA Token(s) held as of July 27, 2023, the Recognized Loss Amount will be the difference between the consideration paid for such security with interest thereon, and $XX, the value of the ELA Tokens on July 27, 2023.

5. For any ELA Token(s) not held as of July 27, 2023, the Recognized Loss Amount will be the difference between the consideration paid in exchange for the purchase or acquisition of the ELA Token(s) and the consideration received for the sale of the ELA Token(s).

**ADDITIONAL PROVISIONS**

6. **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to the ELA Tokens.

7. **FIFO Matching**: If a Class Member made more than one purchase/acquisition or sale of ELA Tokens during the Settlement Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

8. **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of ELA Tokens will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of ELA Tokens during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of ELA Tokens for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of ELA Tokens unless (i) the donor or decedent purchased or

20

otherwise acquired or sold ELA Tokens during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such ELA Tokens.

9. **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the ELA Tokens.  The date of a "short sale" is deemed to be the date of sale of the ELA Tokens.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

10. In the event that a Claimant has an opening short position in ELA Tokens, the earliest purchases or acquisitions of ELA Tokens during the Settlement Class Period will be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

11. With respect to all of a Claimant's transactions in ELA Tokens during the Settlement Class Period, the Claims Administrator will determine if each Claimant had a "market gain" or "market loss."  If a Claimant had an overall market gain, the value of the Claimant's "Recognized Claim" shall be zero and such Claimants shall be bound by the Settlement.  If the Claimant had an overall market loss, the value of the Claimant's Recognized Claim shall be the lesser of the (a) overall market loss; and (b) the sum total of the Claimant's aggregate Recognized Loss Amounts based on the calculations above.

12. **Currency Conversions:**  All calculations pursuant to this Plan of Allocation will be made in U.S. Dollars (USD). Non-U.S. Dollar amounts will be converted to U.S. Dollars as of the contract or trade date.  Distribution Payments will also be made in U.S. Dollars. Applicable conversion rates for BTC, NEO, and USD will be provided on the Claims Administrator's website for this Settlement, www.ElastosSecuritiesLitigation.com.

13. **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

14. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

15. If an Authorized Claimant's Distribution Amount calculates to less than $5.00, no distribution will be made to that Authorized Claimant.

21

# Exhibit A-2

# Proof of Claim

EXHIBIT A-3

***Mark Owen v. Elastos Foundation, et al.***
**Civil Case Number No. 1:19-cv-5462-GHW (S.D.N.Y.)**
**Claims Administrator**
**P.O. Box 2169**
**Portland, OR 97208-2169**
**Toll-Free Number: (888) 568-4764**
**Email: info@ElastosSecuritiesLitigation.com**
**Website: www.ElastosSecuritiesLitigation.com**

## PROOF OF CLAIM AND RELEASE

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE PROPOSED SETTLEMENT OF THIS ACTION, YOU MUST EITHER (A) COMPLETE AND SUBMIT THE PROOF OF CLAIM THROUGH THE SETTLEMENT WEBSITE, WWW.ELASTOSSECURITIESSETTLEMENT.COM, ON OR BEFORE [DATE] OR (B) MAIL A COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") TO THE ABOVE ADDRESS VIA PREPAID, FIRST CLASS MAIL, POSTMARKED ON OR BEFORE [DATE].

FAILURE TO SUBMIT OR MAIL YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECEIVE ANY MONEY IN CONNECTION WITH THE PROPOSED SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THE ACTION, OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE OR THROUGH THE WEBSITE AT WWW.ELASTOSSECURITIESLITIGATION.COM.**

## PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page ___ of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use Part III of this form to set forth your transactions in ELA Tokens between January 1, 2018 and July 27, 2023. Provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of ELA Tokens in domestic transactions in the Elastos ICO, the Lock-In Program, or the secondary market, whether such transactions resulted in a profit or a loss. **Failure to report all transactions and holding information during the**

EXHIBIT A-3
**requested time period may result in the rejection of your claim.**

5.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of ELA Tokens set forth in the Schedule of Transactions in Part III of this Claim Form. The Parties and the Claims Administrator do not independently have information about your investments in ELA Tokens, other than what is available through the blockchain. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

6.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts or transactions that entity has.

7.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

     (a)      expressly state the capacity in which they are acting;

     (b)      identify the name, account number, Social Security number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the ELA Tokens; and

     (c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.

8.      By submitting a signed Claim Form, you will be swearing that you:

     (a)      own(ed) the ELA Tokens you have listed in the Claim Form; or

     (b)      are expressly authorized to act on behalf of the owner thereof.

9.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

10.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

11.      **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $5.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12.      If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq, at the above address, by email at info@ElastosSecuritiesSettlement.com, by toll-free phone from the U.S. and Canada at (888) 568-4764, or you can visit the Settlement website, www.ElastosSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

**IMPORTANT: PLEASE NOTE**

EXHIBIT A-3

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT EMAIL. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY EMAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT EMAIL WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT (888) 568-4764.**

The Claims Administrator will use this information for all communications regarding this Claim Form. If the information changes, you MUST notify the Claims Administrator at the address above.

## PART II – CLAMANT IDENTIFICATION

**PLEASE COMPLETE THIS PART II IN ITS ENTIRETY. THE CLAIMS ADMINISTRATOR WILL USE THIS INFORMATION FOR ALL COMMUNICATIONS REGARDING THIS CLAIM FORM. IF THIS INFORMATION CHANGES, YOU MUST NOTIFY THE CLAIMS ADMINISTRATOR IN WRITING AT THE ADDRESS ABOVE.**

Beneficial Owner's First Name          MI          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name          MI          Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                    State          ZIP Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Primary Phone Number                    Alternate Phone Number

Email Address

Claimant Account Type

☐ Individual (includes joint owner accounts)          ☐ Other (please specify)_____

☐ Corporation

EXHIBIT A-3

## PART III – ELASTOS TRANSACTIONS

Complete this Part III, if and only if, you purchased or acquired ELA Tokens in the "Initial Coin Offering" ("Elastos ICO"), the Lock-In Program, or the secondary market between January 1, 2018 and July 27, 2023. During the Claims Process, the Claims Administrator may email you with instructions to confirm your ownership of the BTC or NEO address which made the Elastos Contribution. If you no longer have ownership or control of this address, please provide documentation sufficient to show evidence of the fiat currency used to acquire the BTC or NEO that was used to make your Elastos Contribution.

**STEP 1:**

**FOR EACH PURCHASE OR ACQUISTION OF ELA TOKENS IN DOMESTIC TRANSACTIONS IN THE ELASTOS ICO OR THE LOCK-IN PROGRAM, PLEASE SET FORTH YOUR ELASTOS CONTRIBUTIONS IN THE TABLE BELOW.**

**Date of Contribution**
**(MMDDYY)**

**Type of Currency Contributed**
**(e.g., BTC, NEO, or USD)**

**Amount of Crypto Contribution**

**Address from Which Crypto Was Contributed**

**ELA Address for Allocation**

**Amount of ELA Allocated**

EXHIBIT A-3

**STEP 2.**

**FOR EACH PURCHASE OR ACQUISTION OF ELA TOKENS IN THE SECONDARY MARKET BETWEEN JANUARY 1, 2018 AND JULY 27, 2023, PLEASE SET FORTH YOUR ELASTOS CONTRIBUTIONS IN THE TABLE BELOW.**

| Date of Contribution (MMDDYY) | Type of Currency Contributed (e.g., BTC, NEO, or USD) | Amount of Crypto Contribution |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**Address from Which Crypto Was Contributed**

**ELA Address for Allocation**

**Amount of ELA Allocated**

**STEP 3.**

**INDICATE HOW MANY ELA TOKENS YOU WERE ALLOCATED AS PART OF YOUR CONTRIBUTIONS BETWEEN JANUARY 1, 2018 AND JULY 27, 2023 ARE IN THE FOLLOWING CATEGORIES:**

ELA you sold as of 11:59 ET on July 27, 2023 (If you enter a number greater than 0, please fill out Step 3A.)

ELA you continued to hold as of 11:59 ET on July 27, 2023 (If you enter a number greater than 0, please proceed to Step 3B.)

EXHIBIT A-3

**THE TOTAL ELA IN THE ABOVE TWO FIELDS SHOULD EQUAL THE TOTAL NUMBER OF ELA DESCRIBED IN STEP 1.**


**STEP 3A.**

**PLEASE PROVIDE INFORMATION INDICATING THE DATE AND TIME YOU SOLD ELA AND DOCUMENTATON SHOWING EVIDENCE OF EACH SALE TRANSACTION**

| Date | Number of ELA Sold | Currency of Transaction (BTC, NEO, USD, other) | Total Consideration Received |
|------|--------------------|-----------------------------------------------|------------------------------|
|      |                    |                                               |                              |
|      |                    |                                               |                              |
|      |                    |                                               |                              |

**STEP 3B.**

**PLEASE PROVIDE DOCUMENTATION SUFFICIENT TO SHOW EVIDENCE THAT YOU HELD THESE ELA AS OF 11:59 ET ON JULY 27, 2023.**


**PART IV – RELEASE OF CLAIMS AND SIGNATURE**

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [__] OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves), and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every one of the Released Claims (including, without limitation, any Unknown Claims) against the Defendants and the other Released Defendants, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendants.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is

<u>EXHIBIT A-3</u>

(are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.      that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the ELA identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendants to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of ELA and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.      that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

| | | |
|---|---|---|
| Signature of Claimant | | Date ☐☐ - ☐☐ - ☐☐ |
| Print Claimant Name Here | | |
| Signature of Joint Claimant (if any) | | Date ☐☐ - ☐☐ - ☐☐ |
| Print Name of Joint Claimant | | |

EXHIBIT A-3

*If the claimant is other than an individual, or is not the person completing this form, the following must also be provided:*

Signature of person
signing on behalf
of Claimant

Date

Print name of
person signing on
behalf of Claimant

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant.)

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before [DATE], is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# Exhibit A-3

# Draft Summary Notice

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MARK OWEN, Individually and On Behalf of All Others Similarly Situated,<br><br>                            Plaintiff,<br><br>- v. -<br><br>ELASTOS FOUNDATION, RONG CHEN, and FENG HAN<br><br>                          Defendants. | No. 1:19-cv-5462-GHW<br><br>EXHIBIT A-3 |

**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

IF YOU PURCHASED OR ACQUIRED ELA TOKENS IN DOMESTIC TRANSACTIONS IN THE ELASTOS ICO, THE LOCK-IN PROGRAM, OR THE SECONDARY MARKET BETWEEN JANUARY 1, 2018 AND JULY 27, 2023, AND WERE DAMAGED THEREBY, YOUR RIGHTS MAY BE AFFECTED BY A PROPOSED SETTLEMENT IN A LAWSUIT PENDING IN FEDERAL COURT (THE "LITIGATION"). PLEASE READ CAREFULLY.

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____*, 2023, at* ____,

before the Honorable Gregory Woods, United States District Judge, at the United States District

Court for the Southern District of New York, 500 Pearl Street New York, New York 10007 for the

purpose of determining: (1) whether the proposed settlement, as set forth in the Stipulation,

consisting of Two Million Dollars ($2,000,000.00) in cash, should be approved as fair, reasonable,

and adequate to the Class Members; (2) whether the proposed plan to distribute the Net Settlement

Fund (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the applications for

attorneys' fees and expenses should be approved; and (4) whether the proposed Judgment should

be entered.

The Litigation has been certified as a class action for settlement purposes on behalf of all

Persons who purchased or acquired ELA Tokens in domestic transactions in the Elastos ICO, the

Lock-In Program, or the secondary market between January 1, 2018 and [date of stipulation], and were damaged thereby (the "Class Member"). The Litigation asserts claims against Elastos and certain individual defendants under the Securities Act of 1933. A detailed description of the Litigation, including the parties, the claims and defenses, and other important information about your rights and options are in the detailed Notice of Pendency and Proposed Settlement of Class Action (the "Notice").

At the Settlement Hearing, Settlement Class Counsel will request that the Court award aggregate attorneys' fees and expenses, the combined value of which will be no more than 30% of the Settlement Amount, or $600,000. The Claims Admintrator currently estimates that it will seek no more than $175,000 for Notice and Administration Expenses. Class Members are not personally liable for any such fees or expenses. The net recovery for Class Members (also referred to as the Net Settlement Fund) is estimated to be at least $1,225,000 ($2,000,000 minus all of the foregoing fees and expenses).

Settlement Class Counsel states that it has litigated this case on behalf of Lead Plaintiffs and the Class for over four years against the Defendants, who have been represented in this Litigation by two separate law firms. On behalf of the Class, Settlement Class Counsel conducted an extensive investigation and drafted a complaint that advanced complex theories of liability concerning application of Securities Act to the evolving digital asset space; defeated Defendants' motion to dismiss the complaint; resolved numerous discovery disputes; litigated before the Court a discovery dispute involving the withholding of discovery pursuant to the Personal Information Protection Law of the People's Republic of China and disputes involving the withholding of discovery on various privilege and relevance grounds. Settlement Class Counsel also deposed four current or former Elastos personnel and consultants, including Defendant Feng Han, and, at the

time this settlement was reached, was preparing for two additional fact witness depositions, including of Defendant Rong Chen, and two 30(b)(6) depositions. Settlement Class Counsel served written interrogatories on the Defendants and propounded dozens of document requests and subpoenas and obtained and analyzed nearly 2 million pages of documents from the Defendants as well as third parties, including Elastos' attorneys, cryptocurrency exchanges, certain consultants, and other third parties. Additionally, Settlement Class Counsel opposed Defendants' motion to deny certification.

To date, Settlement Class Counsel has not received any payment for their services representing Class Members, nor has it been paid any of its expense.

To obtain the Notice or a copy of the Proof of Claim and Release form ("Proof of Claim and Release"), visit the settlement website at www.ElastosSecuritiesLitigation.com or write to *Elastos Securities Litigation*, c/o Epiq Class Action and Claims Solutions, Inc., P.O. Box 2169, Portland, OR 97208-2169.

To get a payment from the Net Settlement Fund you must submit a Proof of Claim and Release by mail ***postmarked no later than _____, 2023,*** or electronically ***no later than -_____, 2023,*** establishing that you are entitled to recovery. Failure to submit your Proof of Claim and Release by _____, 2023, will subject your claim to possible rejection and may preclude you from receiving any payment from the settlement. ***If you are a Class Member and do not exclude yourself by the deadline, you will be bound by the settlement and any judgment entered in the Litigation, whether or not you submit a Proof of Claim and Release***.

To be excluded from the settlement, you must submit a written request for exclusion in accordance with the instructions in the Notice that is ***postmarked or received no later than _____, 2023***. All Class Members who do not timely exclude themselves will be bound by the settlement

(assuming it is approved by the Court) even if they do not submit a timely Proof of Claim and Release.

To object to any aspect of the settlement, including the Plan of Allocation, or the application for attorneys' fees and expenses, you must submit a written objection in accordance with all the instructions set forth in the Notice that is *received or filed, not simply postmarked, on or before _____, 2023.* If you object, but also want to be eligible for a payment from the settlement, you must still submit a timely Proof of Claim and Release.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

If you have any questions about the settlement you may contact Class Counsel at the following address:

Bleichmar Fonti & Auld LLP
Javier Bleichmar
75 Virginia Road
White Plains, NY 10603
Telephone: 888-879-9418

DATED: _____

BY ORDER OF THE COURT
Gregory H. Woods
United States District Judge
Southern District of New York