USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/26/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK OWEN, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>ELASTOS FOUNDATION, FENG HAN, and RONG CHEN,<br><br>                Defendants. | Hon. Gregory H. Woods<br><br>Civil Action No. 1:19-cv-5462-GHW<br><br><u>CLASS ACTION</u> |

## [PROPOSED] JUDGMENT

This matter came before the Court on December 22, 2023, pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated August 23, 2023, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated July 27, 2023 (the "Stipulation"). Full and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. The Court finds that the distribution of the Notice, Proof of Claim and Release, and Summary Notice complied with the terms of the Stipulation and the Order, and provided the best

notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and that this notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act, due process, and any other applicable law.

4. There have been no objections to the settlement.

5. In light of the benefits to the Class, the complexity, expense, and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation and finds that:

(a) the Stipulation and the settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled the Lead Plaintiffs and the Defendants to have adequately evaluated and considered their positions.

Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, including the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs, and all other Settlement Class Members, and as against the

Released Defendants. The Settling Parties are to bear their own fees and costs except as otherwise provided in the Stipulation or this Order, or any separate order with respect to the application for an award of attorneys' fees or expenses pursuant to the Stipulation.

7. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all Released Claims (including Unknown Claims) against the Released Defendants, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form or shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

8. Lead Plaintiffs and all Settlement Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendants.

9. Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Settlement Class Members, and Lead Plaintiffs' Counsel from all claims and causes of action of every nature and description (including Unknown Claims) whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the settlement.

10. Except as provided in Paragraph 11 below, each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

11. All Persons and entities whose names appear on Exhibit 1 hereto are hereby excluded from the Settlement Class, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the settlement.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, the truth of any of the allegations in the Litigation, or of any wrongdoing, fault, or liability of the Defendants or their respective Related Parties, or that Lead Plaintiffs or any Settlement Class Members have suffered any damages, harm, or loss, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the Releasing Defendants' Claims, or of any wrongdoing, fault, or liability of, or damage, harm, or loss caused by, the Lead Plaintiffs or any Settlement Class Member or their respective Related Parties.

14. The Court hereby enters the broadest bar order permissible by law barring all future claims for contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory, for which the injury claimed is that person's or entity's alleged liability to Lead Plaintiffs or Settlement Class Members) among and against Lead Plaintiffs, any and all Settlement Class Members, and the Released Defendants arising out of the Litigation and Released Claims ("Bar Order"), provided, however, that the Bar Order shall not preclude either (i) the Released Defendants from seeking to enforce any rights they may have under any applicable insurance policies or (ii) any right of indemnification or contribution that the Released Defendants may have under contract or otherwise. The Bar Order shall be consistent with, and apply to the full extent of, the Private Securities Litigation Reform Act.

15. Any Plan of Allocation submitted by Settlement Class Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Defendants have no responsibility with respect to the Plan of Allocation.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

17. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.     The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

Dated:  December 26, 2023

_____
Gregory H. Woods
United States District Judge
Southern District of New York